1. District court decisions adverse to Mrs. Minvielle's contentions were handed down in this case and in *Dozier v. J.A. Jones Construction Co.,*

---

**Beryl T. MINVIELLE,
Plaintiff-Appellant,**

v.

**KAISER ALUMINUM & CHEMICAL CORPORATION and Kaiser Aluminum Exploration Company, Defendants-Appellees.**

No. 84–3760
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 6, 1985.

Talbot, Sotile, Carmouche, Marchand & Marcello, William E. Willard, Donaldsonville, La., for plaintiff-appellant.

Taylor, Porter, Brooks & Phillips, W.S. McKenzie, J. Ashley Moore, Baton Rouge, La., for defendants-appellees.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

GEE, Circuit Judge:

## CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA PURSUANT TO RULE 12, LOUISIANA SUPREME COURT RULES

This appeal, apparently of first impression in any state or federal appellate court, concerns an important issue of Louisiana jurisprudence: whether the worker's compensation benefits afforded an injured employee against his employer by the Louisiana compensation program are the exclusive remedy for his spouse's loss of consortium, or whether the spouse has an independent cause of action against the employer for that loss which she can maintain despite the worker's compensation plan.[1]

---

*Inc.,* 587 F.Supp. 289 (E.D.La.1984). We note also, however, the decision in *Ferriter v. Daniel O'Connell's Sons, Inc.,* 381 Mass. 507, 413 N.E.2d

It appears to us that this question is determinative of this cause independently of any other question involved in it, and that there are no clear controlling precedents in the decisions of the Supreme Court of Louisiana.

We entertain grave reservations about deciding such an important issue without significant guidance from the Louisiana courts, especially in view of the obvious fact that an affirmance of the dismissal of Mrs. Minvielle's claims would foreclose them forever, along with those of other similarly situated claimants who may come before the federal courts of our Circuit, before Louisiana speaks to the point with the authority that only her courts possess.

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

### I. STYLE OF THE CASE

The style of the case in which this certificate is made is *Beryl T. Minvielle,* Plaintiff-Appellant, versus *Kaiser Aluminum & Chemical Corporation* and *Kaiser Aluminum Exploration Company,* Defendants-Appellees, Case No. 84–3760, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.

### II. FACTS

Mr. Ralph Minvielle, husband of appellant and an employee of appellee, was injured in a work-related accident on January 21, 1983, when a grating gave way at appellee's works in Gramercy, Louisiana. Mr. Minvielle is receiving worker's compensation benefits as a result of this injury. Appellant brought this action against appellee for loss of consortium resulting from her husband's injury. Appellee moved for summary judgment, contending that pursuant to Louisiana Revised Statutes 23:1032 Mr. Minvielle's compensation benefits are his wife's exclusive remedy and that Article 2315 of the Louisiana Civil Code, as amended, allowing recovery for loss of consortium, recognizes this exclusivity. Summary judgment for appellee was granted, and this appeal from it was properly taken.

### III. QUESTION FOR THE SUPREME COURT OF LOUISIANA

Are the workers' compensation benefits afforded an injured employee against his employer by the Louisiana compensation program the exclusive remedy for his spouse's loss of consortium?

QUESTION CERTIFIED.

The entire record in this case, together with copies of the briefs of the parties, are transmitted herewith.

690 (1980), in which a similar statutory scheme was construed to permit such claims as that of Mrs. Minvielle.