Beryl T. MINVIELLE, Plaintiff-Appellant,

v.

KAISER ALUMINUM & CHEMICAL CORPORATION and Kaiser Aluminum Exploration Company, Defendants-Appellees.

No. 84–3760
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 22, 1985.

Talbot, Sotile, Carmouche, Marchand & Marcello, William E. Willard, Donaldsonville, La., for plaintiff-appellant.

Taylor, Porter, Brooks & Phillips, W.S. McKenzie, J. Ashley Moore, Baton Rouge, La., for defendants-appellees.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

GEE, Circuit Judge:

This appeal concerns whether the worker's compensation benefits afforded an injured employee by the Louisiana compensation plan are the exclusive remedy against his employer for his spouse's loss of consortium or whether the spouse has an independent cause of action for that loss which she can maintain against the employer despite the exclusivity provisions of the Louisiana plan. Appellant, the spouse of an injured worker receiving compensation, suffered dismissal of her suit for such a loss and appealed to us. Finding no clear guidance in Louisiana authority, and entertaining reservations about proceeding in want of it, we sought the assistance of the Louisiana Supreme Court on this significant question of state law. *Minvielle v. Kaiser Aluminum & Chemical Corp.*, 759 F.2d 516 (5th Cir.1985).

That assistance, for which we are greatly obliged to the Louisiana Court, has now been provided in the form of an order which declines to accept our attempted certification but refers us to an intermediate state appellate decision handed down since our earlier writing. The order reads:

> June 17, 1985
>
> Certification denied. See *Theriot v. Damson Drilling*, 471 So.2d 757 (La. App. 3rd Cir., 1985, # 84–1123), cert. denied, 472 So.2d 907 (La.1985).
>
> JAD
> WFM
> FAB
> JCW
> HTL

CALOGERO & DENNIS, J.J., would grant the writ.

We interpret this disposition of our request as indicating that the Supreme Court of Louisiana, while not necessarily binding its jurisprudence in all respects to the opinion of the intermediate court, is content that our disposition of the appeal before us be guided by its general holding. That holding is that compensation benefits are the exclusive remedy of both the injured worker and his spouse, and that the tort claims for loss of consortium of his spouse and children are barred by the exclusive remedy provisions of the Louisiana Worker's Compensation Law.

The judgment of the district court dismissing appellant's action is therefore

AFFIRMED.