503 So.2d 66 (1987)
Faith A. Finke, Wife of/and Gregory I. MUNDY
v.
KULKONI, INC., et als.
No. 86-CA-556.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
Rehearing Denied March 17, 1987.
Writ Denied May 15, 1987.
*67 Stephen B. Murray, New Orleans, for plaintiffs/appellants.
Rufus C. Harris, III and L.R. De Buys, IV, Terriberry, Carroll & Yancey, New Orleans, for defendants/appellees.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
BOWES, Judge.
One of the original plaintiffs, Faith A. Finke, wife of Gregory Mundy, appeals a judgment of the district court dismissing her petition against National Marine Service, Inc. We affirm.
On December 27, 1982, Gregory I. Mundy, the other plaintiff, was employed as a laborer with National Marine Services, Inc. He was assigned that day to work in the shoreside engine shop when an I-beam suspended from a crane fell on him, causing severe permanent injury to his spinal column.
Suit was filed by Mundy and his wife, Faith A. Finke, against the manufacturers, sellers, and insurers of the crane and shackle which broke (permitting the beam to fall). The original petition was one in tort alleging negligence and strict liability as the bases for liability. Mr. Mundy prayed for damages for his personal injuries and lost wages; Mrs. Mundy requested damages for loss of consortium, companionship, and services of her husband.
On June 15, 1984, plaintiffs amended their petition realleging the claims under state law for negligence and strict liability against the original defendants; additionally, a claim was asserted against National Marine Service, as Mundy's employer. Mundy alleged his status as a seaman and, in paragraph XII of Count One of the amended petition, states:
Plaintiffs bring this count against National Marine pursuant to the Jones Act, Title 46 U.S.C. Sec. 688 et seq.
On January 28, 1985, both plaintiffs dismissed all their claims against all defendants except for National Marine and its insurers. Trial began against National Marine on July 25, 1985, and, the very next day, the case was completely settled and compromised as to all damages sustained by Gregory I. Mundy.
Subsequently, National Marine filed a motion for summary judgment on the only claim remaining, that of Faith Mundy for loss of consortium, loss of services, etc. of her husband (and that being only under the Jones Act). The motion alleged that defendant was entitled to judgment as a matter of law "because the Jones Act provides no remedy for a seaman's wife's loss of consortium or services." Plaintiff opposed the motion, averring that she had a cause of action under Louisiana tort law, specifically Civil Code Articles 2317 and 2322 (delineating strict liability). Plaintiff analogized this claim of strict liability under state law to a claim for unseaworthiness, correctly arguing (as a general principle) that a claim for unseaworthiness can be brought in conjunction with a claim for negligence under the Jones Act and that, under the general maritime law regarding unseaworthiness, an action for loss of consortium can be maintained. Cruz v. Hendy International Co., 638 F.2d 719 (5th Cir. 1981); American Export Lines v. Alvez, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980).
The trial court granted summary judgment stating: "Since this Court has determined that the Jones Act provides no remedy for a seaman's wife's loss of consortium and/or services ..." No other reasons were given.
Appellant, in brief, submits that the trial court erred in concluding that she had no cause of action as outlined in National Marine's *68 motion for summary judgment. She couches her assignment of error in language which would characterize the action in the trial court as an exception of no cause of action. However, the motion on which the trial court judgment is based is clearly a motion for summary judgment (and labeled as such) and obviously brought under the procedural articles for summary judgments; therefore, we render our opinion in accordance with those rules.
On appeal (briefly stated), plaintiff has urged her argument that a cause of action for strict liability under Louisiana Civil Code Articles 2317 and 2322 should be compared (favorably) to an action for unseaworthiness under general maritime law. As we have already observed, an unseaworthiness claim (which can be brought along with a Jones Act action) permits recovery for loss of consortium. Plaintiff points out that Civil Code Article 2315, which sets out the basic duty under our tort law (as amended in 1982) permits recovery for loss of consortium; and so, plaintiff concludes, any damages recoverable under Articles 2315 are also recoverable under Articles 2317 and 2322. From these facts, plaintiff has extrapolated that she can maintain a state claim in strict liability, which allows maintenance of her loss of consortium action, along with the action under the Jones Act.
Plaintiff cites the rule that "It has long been established that a state court, having concurrent jurisdiction with the federal courts in regard to "in personam" admiralty claims, is free to adopt such remedies and attach to them such incidents as it sees fit so long as it does not attempt to modify or displace essential features of the substantive maritime law." Lavergne v. Western Co. of North America, Inc., 371 So.2d 807 (La.1979). Reasoning that there is no conflict in maintaining a strict liability claim under Louisiana law with a Jones Act claim, plaintiff asserts that the trial court erroneously dismissed her petition.
We do not find it necessary to determine that issue, because we find that Mrs. Mundy's claim against National Marine is preempted by our state worker's compensation law, and thus not available to her.
It is undisputed that National Marine was the employer of Mr. Mundy. It is further uncontested that Mundy was injured while in the course and scope of his employment. If an employee receives personal injury by an accident arising out of and in the course of his employment, the employer shall pay compensation under the compensation statutes. La.R.S. 23:1031. The rights and remedies under the Act are exclusive as against the employer, except for intentional acts committed by the employer or officers, directors, etc. La.R.S. 23:1032. The pleadings, indeed the record as a whole, does not disclose an allegation of such an intentional act so as to exempt plaintiff from the provisions of the compensation laws.
The Third Circuit in Rivers v. Schlumberger Well Surveying Corporation, 389 So.2d 807 (La.App. 3 Cir.1980) considered a claim in which the plaintiff, who originally pleaded for relief under the Jones Act submitted that enough evidence was presented at trial to bring an action against plaintiff's alleged employer within the purview of Louisiana Tort Law. In deciding otherwise, the Court stated:
Further, Rivers alleged in his petition that Schlumberger was his employer. This allegation, that Schlumberger was Rivers' employer (necessary to recover under the Jones Act), is inconsistent with the theory of recovery under Louisiana Tort Law. If Schlumberger was Rivers' employer, Rivers would have no cause of action against Schlumberger under Louisiana Tort Law. (Article 2315)
We find this reasoning consistent with our own. Any injury suffered by Mr. Mundy with regard to National Marine arises out of the employer-employee relationship. Therefore, any remedy or recovery to him or his wife is exclusively governed by the compensation laws. Since no remedy for loss of consortium and services of the husband is provided to a wife under the compensation statutes, and since appellant concedes in brief that she has no claim for these alleged damaged under the Jones *69 Act, her claims fall and the trial court was correct in maintaining the position of National Marine in its motion for summary judgment.
Accordingly, the judgment of the trial court dismissing appellant's petition for damages for loss of consortium and services is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.