■ In the Matter of the Claim of MICHAEL E. COZZY, Respondent, v MOVERS, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed September 27, 1988, which ruled that claimant was discriminated against by his employer.

Claimant worked as a driver and helper for a moving company. He sustained a compensable arm and shoulder injury on July 27, 1985. His doctor cleared him for work effective May 15, 1986. Before claimant returned to work, however, his employer's president terminated his services. Claimant then filed a workers' compensation discrimination

complaint. Following hearings, the Workers' Compensation Law Judge found discrimination. On appeal, the Workers' Compensation Board affirmed. The employer now appeals to us.

Claimant, his wife and a coemployee testified that the employer's president had made clear, through conversations at a Christmas party in 1985 and at claimant's house at the time of termination, that claimant's employment could not be continued because claimant's injury took too long to heal, the employer had to save face with other employees and the insurance carrier was causing problems about claimant's lengthy absence. From this testimony, the Board could determine that claimant's termination was not, contrary to the employer's contention, based on work-related problems such as tardiness or absenteeism. Since the Board was not convinced of another valid reason for claimant's termination (cf., Workers' Compensation Law § 120; Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 120 [1989 Pocket Part], at 102) and there is substantial evidence for the Board's conclusion, the determination must be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.