WARD, Judge.
James Cox appeals the dismissal of his suit against Glazer Steel Corporation on an exception of no cause of action. Cox was injured while employed by Glazer Steel and he filed a claim for worker’s compensation. After Cox filed his claim, Glazer Steel refused to rehire Cox, and Cox amended his suit to demand damages for discrimination against the handicapped. The trial court’s ruling sustaining the exception means that a former employee who was injured while working does not have a cause of action against his former employer for discrimination against the handicapped when the handicap was caused by a work related injury.
We affirm, because under the facts of this case, Louisiana’s workers’ compensation statute limits Cox’s cause of action to a claim for compensation.
Cox was injured on February 24, 1989 while working at Glazer Steel when a load of steel beams fell, crushing a portion of his right thumb. Following his injury, Cox neither returned to work nor informed his supervisor when or if he would return. Similarly, Glazer Steel made unsuccessful minimal efforts to contact Cox to inquire whether he wanted to continue his employment. After his supervisor was unable to contact him, Glazer Steel terminated him for abandoning his job. Cox, however, received worker’s compensation benefits from Gulf Insurance from February 24 through May 6, 1989.
During the time Cox was receiving benefits, but after he was terminated, Glazer Steel offered Cox a light duty job. Cox *426 ignored this offer. Gulf Insurance stopped compensation payments, and Cox filed suit. After filing suit, Cox then requested employment in a light duty job. When he learned that he would not be rehired, Cox amended his suit to include charges that Glazer Steel discriminated against him as a handicapped person, violating the Louisiana Civil Rights Act for Handicapped Persons. (La.R.S. 46:2251, et. seq.)
Glazer Steel and Gulf Insurance settled Cox’s compensation claim, but Cox reserved his right to pursue his claim for discrimination against the handicapped. After the worker’s compensation suit was dismissed, Glazer Steel filed exceptions of no cause of action which the trial court sustained.
Our decision turns on an interpretation of Louisiana’s worker’s compensation statutes. Under La.R.S. 23:1032, “the rights and remedies herein granted ... shall be exclusive of all other rights” and this remedy “is exclusive of all claims.” This all-encompassing language clearly demonstrates the legislature’s intent to limit an injured employee’s remedy against his employer to worker’s compensation.
Cox contends La.R.S. 23:1032, Section A(l)(a) gives an employer immunity only from negligence claims “on account of an injury”, and he contends this argument is supported by Section B of La.R.S. 23:1032:
Nothing in this Chapter shall affect the liability of the employer ... to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional tort.
The issues then are whether worker’s compensation gives immunity to employers from all other causes of action arising out of work related injuries? And does this cause of action arise out of a work related injury?
Past attempts to circumvent the worker’s compensation statutes have been unsuccessful. Our Supreme Court and Louisiana appellate courts have consistently upheld the broad exclusionary language of La.R.S. 23:1032. As an example, Louisiana courts have held the workers’s compensation laws not only give immunity to employers from an employee’s claims for negligent injury, Bazley v. Tortorich, 397 So.2d 475 (La.1981), but also gives immunity to employers from claims by third parties on other causes of actions, such as claims of a spouse for loss of consortium. Mundy ¶. Kulkoni, Inc., 503 So.2d 66 (La.App. 5 Cir.1987). Minvielle v. Kaiser Aluminum & Chemical Corp., 766 F.2d 189 (5th Cir.1985).
If employers are immune from even third party claims on entirely different causes of action, then it seems certain that employers are immune from all claims arising out of an industrial injury with the exception of intentional torts, and this exception applies to actions which are analogous to a battery in criminal law. Bazley v. Tortorich, supra. This broad interpretation of the employer’s immunity has recently been emphasized by the Louisiana Supreme Court.
The rights and remedies of an employee in the Louisiana compensation scheme exclude all other rights and remedies against the employer. Guidry v. Frank Guidry Oil Co., et. al. [579 So.2d 947 (La.1991) ].
Even though Cox alleges an intentional act of discrimination, the alleged discrimination arises out of an industrial accident. The alleged act of discrimination was not so far removed or attenuated so as not to be part of or arising out of the accident.
We hold that when the genesis of a lawsuit is an injury that occured in an industrial accident, a worker’s claim is limited to worker’s compensation, and employers are immune from lawsuits seeking other remedies. So even when a petition otherwise states a cause of action, if the claims arise out of an employment related injury, then an exception of no cause of action must be sustained. As a result Cox may have an action for discrimination against all other employers, but he does not have one against Glazer Steel, because in spite of any other contention, this claim for discrimination arises out of an injury received during Cox’s employment with Glazer Steel.
Cox’s attempt to equate the allege discrimination in this case with either racial or gender discrimination is not persuasive. The analogy fails, obviously, because racial *427 or gender discrimination does not have its source in an industrial accident. Similarly, discrimination against a handicapped person who is otherwise impaired is not analogous because its source is not the industrial accident covered by worker’s compensation.
AFFIRMED.
LOBRANO, J., dissents with reasons.
SCHOTT, C.J., dissents for reasons assigned by LOBRANO, J.