606 So.2d 518 (1992)
James COX
v.
GLAZER STEEL CORPORATION and Gulf Insurance Company.
No. 92 C 0665.
Supreme Court of Louisiana.
October 19, 1992.
Concurring Opinion October 28, 1992.
David B. Bernstein, New Orleans, for applicant.
Michael M. Remson, Watson, Blanche, Wilson & Posner, Baton Rouge, for respondents.
Concurring Opinion of Justice Hall October 28, 1992.
WATSON, Justice.
This case involves a worker's settlement with his employer of compensation and tort claims and a complaint against the same employer for discrimination toward the handicapped, contrary to the Louisiana Civil Rights Act for Handicapped Persons. LSA-R.S. 46:2251, et seq.
Plaintiff, James Cox, was injured while employed by defendant, Glazer Steel Corporation. His right thumb was crushed by steel beams, resulting in surgical removal of the first phalanx. Plaintiff Cox settled his claims for compensation and tort benefits but reserved the right to his amended claim of employment discrimination against the handicapped. Defendant Glazer filed an exception of no cause of action, which the trial court sustained. The court of appeal affirmed, holding that the discrimination claim was an outgrowth of the industrial accident and thus barred by the *519 exclusive remedy of worker's compensation. 592 So.2d 425 (La.App. 4th Cir.1991). A writ was granted to consider the judgment of the court of appeal. 597 So.2d 1017 (La.1992).
LSA-R.S. 46:2253(1) defines a handicapped person as one with an impairment substantially limiting one or more life activities. In pertinent part, LSA-R.S. 46:2253(2) defines impairment as any physical disorder or condition, but an impairment does not necessarily include "an anatomical loss of body systems". It has not been factually determined: (1) whether Cox is handicapped; and (2) whether he is an "otherwise qualified handicapped person" who could "with reasonable accommodation ... perform the essential functions of the job in question." LSA-R.S. 46:2253(4)(a). Thus, the questions of whether Cox is handicapped and whether he is an otherwise qualified handicapped person are pretermitted.
The issue is whether an employee who has settled a claim for an industrial accident can sue the former employer for discrimination against the handicapped. Is the employee's complaint of discrimination so closely related to his industrial accident that it is barred by the exclusive remedy of worker's compensation?
Louisiana has emphatically stated the state's responsibility to assure equal employment opportunity to the handicapped. LSA-R.S. 46:2252. The state's strong interest is reflected not only by the Civil Rights Act for Handicapped Persons but by the Second Injury Fund, LSA-R.S. 23:1371, et seq., which encourages employment of physically handicapped employees.
The encouragement offered by the Second Injury Fund differs from the mandate of the Civil Rights Act for Handicapped Persons. The first offers an employer-inducement: the second provides an employer-penalty. Although both statutes promote employment of the handicapped, the means differ.
This suit is similar to a suit for retaliatory discharge. See Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La. 1992). Compare Shoemaker v. Myers, 52 Cal.3d 1, 276 Cal.Rptr. 303, 801 P.2d 1054 (1990) and Cozzy v. Movers, Inc., 157 A.D.2d 897, 550 N.Y.S.2d 167 (1990). However, retaliatory discharge is covered by the Worker's Compensation Law. LSA-R.S. 23:1361 prohibits discharging or refusing to employ a person because of a claim for worker's compensation benefits. The statute is intended to allow employees to exercise their right to compensation benefits without fear of retaliation. Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La. 1985). It is only when an injured employee can no longer perform his employment duties that he can be discharged or denied employment because of a compensation claim. See Moore v. McDermott, Inc., 494 So.2d 1159 (La.1986).
LSA-R.S. 23:1032(A)(1)(a) provides, in pertinent part, that the compensation remedy: "shall be exclusive of all other rights and remedies of such employee, ..., against his employer, ..., for said injury,...." Derivative claims, such as those of a spouse and children, are barred by the exclusivity of the worker's compensation law. Minvielle v. Kaiser Aluminum & Chem. Corp., 766 F.2d 189 (5th Cir.1985).
LSA-R.S. 23:1032(B) provides that: "Nothing in this Chapter shall affect the liability of the employer, ... under any other statute or the liability, civil or criminal, resulting from an intentional act." (Emphasis added.)
Bazley v. Tortorich, 397 So.2d 475 (La. 1981), upheld the constitutionality of Act 147 of 1976, which made compensation the exclusive remedy for unintentional injury by a co-worker. However, the Act retained prior language which provided another exception to exclusivity. In addition to intentional act liability, the employer remained liable for "a fine or penalty under any other statute". Thus, LSA-R.S. 23:1032(B) contains two exceptions to the exclusivity of worker's compensation. Paragraph B uses "or", an alternative connective, to show two exceptions.
The compensation principle excludes the concept of employer fault. Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La. 1991). However, the Civil Rights Act for *520 Handicapped Persons is fault-based legislation, intended to prevent discrimination, prejudice and intolerance. LSA-R.S. 46:2252. Thus, the two statutory schemes have different bases.
The purposes of the worker's compensation law and the law guaranteeing civil rights to the handicapped are also different. The worker's compensation law provides compensation for accidental industrial injury or death. Guaranteeing civil job rights for the handicapped is intended to assure the handicapped equal employment opportunity. The two pieces of legislation are directed at distinct problems. See Boscaglia v. Michigan Bell Tel. Co., 420 Mich. 308, 362 N.W.2d 642 (1984); Phillips v. Seattle, 111 Wash.2d 903, 766 P.2d 1099 (1989); Harman v. Moore's Quality Snack Foods, 815 S.W.2d 519 (Tenn.App.1991); Jones v. Los Angeles Com. College Dist., 198 Cal.App.3d 794, 244 Cal.Rptr. 37 (1988); King v. Bangor Fed. Credit Union, 568 A.2d 507 (Me.1989); and McCalla v. Ellis, 180 Mich.App. 372, 446 N.W.2d 904 (1989).
Cox claims that he has not been rehired because he is now handicapped as the result of his industrial accident. Pretermitting the factual question of whether Cox is handicapped, the legal issue is whether he has a cause of action under the Civil Rights Act for Handicapped Persons against his former employer.
Since LSA-R.S. 23:1032(B) provides that worker's compensation shall not affect the liability of the employer under any other statute, the worker's compensation remedy does not bar other statutory causes of action. The Civil Rights Act for Handicapped Persons provides a distinct statutory remedy for the handicapped. Its coverage is not within the scope of the Worker's Compensation Law, and its application is not barred by that law. A separate civil action may be available to plaintiff Cox.
The court of appeal clearly erred in finding that the cause of action for employment discrimination is barred by the worker's compensation settlement. Therefore, the matter must be remanded to the trial court.
For the foregoing reasons, the trial court judgment sustaining defendant's exception of no cause of action is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
LEMMON and HALL, JJ., concur and assign reasons.
LEMMON, Justice, concurring.
The disjunctive language of La.Rev.Stat. 23:1032B does not provide the complete answer for resolution of this case. Section 1032B disclaims affecting an employer's liability "to a fine or penalty under any other statute."[1] In the present case plaintiff is seeking to impose liability on his employer under La.Rev.Stat. 46:2256B for compensatory damages, which goes beyond the "fine or penalty" language of Section 1032B.[2]
Plaintiff's cause of action against his employer for worker's compensation arose out of the employer's statutory liability for such benefits when an employee "receives personal injury by accident arising out of and in the course of his employment." La. Rev.Stat. 23:1031B. Plaintiff's cause of action for discrimination against the handicapped arose out of the employer's statutory liability for subsequent conduct when the employer allegedly refused to rehire plaintiff after his injury disabled him. While the rights and remedies granted an employee by the compensation act "on account *521 of an injury" entitling him to compensation benefits are exclusive of all other rights and remedies "against his employer... for such injury," La.Rev.Stat. 23:1032A(1)(a), plaintiff's cause of action for discrimination is not based on the employer's liability for the injury, but on the employer's liability for subsequent conduct that, although incidentally related to the on-the-job injury, gave rise to entirely separate liability under an entirely separate statute.
HALL, Justice, concurring.
I concur for the reasons expressed by Justice Lemmon in his concurring opinion.
NOTES
[1] Section 1032B provides:

Nothing in this Chapter shall affect the liability of an employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act. (emphasis added).
[2] Section 2256B provides in pertinent part:

Handicapped individuals who have been subject to unlawful discrimination as defined in this Chapter shall have the right to any and all remedies available under the law if they prevail in a suit under this Chapter including, but not limited to, compensatory damages, attorney's fees, costs, and any other relief deemed appropriate.