617 So.2d 28 (1993)
William A. BILLIOT, Plaintiff/Appellant,
v.
BP OIL COMPANY and Janie Wingard, Defendants/Appellees.
No. 92-CA-1634.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Writ Granted June 18, 1993.
Michael L. Mullin, New Orleans, for plaintiff/appellant.
S. Gene Fendler and Mark D. Latham, Liskow & Lewis, New Orleans, for defendants/appellees.
Before KLEES, BYRNES and LOBRANO, JJ.
LOBRANO, Judge.
William A. Billiot, plaintiff, appeals the dismissal of his lawsuit against BP Oil Company on a motion for summary judgment.
The issue presented for our review is whether the exclusivity provisions of Louisiana Worker's Compensation Act (LWCA) preclude an employee from recovery under Civil Code Article 2315.3, which provides for punitive damages in the handling of hazardous materials. The answer to this question involves a policy determination more properly the province of the legislature, however after review of the arguments we affirm the trial court for the following reasons.
*29 Billiot's suit alleged various negligence and strict liability claims against BP as a result of injuries he received when sprayed with a heated solvent used to strip sulphur. In addition, Billiot alleged the intentional act of a co-employee as well as BP's liability for punitive damages under Article 2315.3.
BP filed a motion for summary judgment asserting Billiot's status as its statutory employee, the exclusivity of the compensation statute and the lack of a genuine issue of fact with regards to the alleged intentional tort. The trial court agreed with each of BP's assertions.
Billiot perfects this appeal. In brief, he concedes the statutory employee and intentional tort issues. However, he strenuously asserts that his claim under Article 2315.3 is not barred by the compensation statute. First he argues that, by its own terms, the class of persons afforded protection by that Article includes employees, and second, that the "fines and penalties" exception to the exclusivity provisions of the LWCA permits an Article 2315.3 claim. We address each argument.
Louisiana Civil Code Article 2315.3 provides:
"In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances."
Under Louisiana law, vindictive, punitive or exemplary damages are not allowed unless specifically provided for. In the absence of such a specific provision only compensatory damages may be recovered. Post v. Rodrigue, 205 So.2d 67 (La.App. 4th Cir.1968). Since La.C.C. Article 2315.3 is an exception to this general rule, it must be strictly construed. See, American Waste and Pollution Control Company v. Madison Parish Police Jury, 488 So.2d 940 (La.1986).
Because Article 2315.3 provides that exemplary damages may be awarded in addition to "general" and "special" damages, it is reasonable to conclude that it is an extension of the ordinary tort causes of action provided by Article 2315. It logically follows that recovery pursuant to Article 2315.3 encompasses those persons entitled to recover ordinary compensatory damages pursuant to Article 2315. Employees cannot recover Article 2315 damages against their employer. Billiot argues, however, that the class of persons deemed "employees" fits within the legislative scheme affording recovery under Article 2315.3. We disagree.
The Louisiana Worker's Compensation Act (LWCA) provides a remedy to employees injured during the course and scope of their employment, irrespective of the employer's fault. La.R.S. 23:1031(A). In return for the compensation guaranteed to injured workers, employers are entitled to immunity from tort liability. La.R.S. 23:1032(A)(1)(a).[1] See, also, Gagnard v. Baldridge, 612 So.2d 732 (La.1993). There are two statutory exceptions to this exclusivity rule, "intentional tort" and "fines and penalties imposed under other statutes". La.R.S. 23:1032(B).
Although Billiot argues that because intentional torts are similar to the "wanton and reckless" requirement of Article 2315.3, the legislature must have intended that employees were included within its scope. We are not convinced that is correct.
Our jurisprudence has consistently placed a high burden of proof on the employee asserting intentional tort, and has narrowly interpreted that exception. In Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984) the court reiterated the *30 intentional tort elements established in Bazley v. Tortorich, 397 So.2d 475 (La. 1981) which require proof that "the person who acted either (1) consciously desired the physical results of his act or (2) knew that that result was substantially certain to follow from his conduct." Mayer supra at 621. The plaintiff's burden is extremely high. Van Alton v. Fisk Electric, Inc., 581 So.2d 1080 (La.App. 4th Cir.1991), writ den., 586 So.2d 561 (La.1991).
Thus, even though an intentional tort has been statutorily excluded from our compensation laws, the courts of this state have consistently favored the underlying scheme of "tort immunity in exchange for no fault compensation benefits" when interpreting an intentional tort claim. Furthermore, the legislature has refused to extend the intentional act exception to include instances where injury is caused "by the violation of a safety rule or regulation, failure to provide a safety device, or gross negligence on the part of a supervisory employee."[2] In view of this jurisprudential and legislative history we cannot conclude that there is an intent by the legislature or the courts to except Article 2315.3 from the exclusivity of the compensation statute.
Billiot further argues, however, that exemplary damages awarded pursuant to Article 2315.3 constitute a fine or penalty, and as such, falls within the "fines and penalties" exception of La.R.S. 23:1032(B). In pertinent part, that statute provides that "[n]othing in this Chapter shall affect the liability of the employer ... to a fine or penalty under any other statute...." In support of his argument Billiot analogizes to Cox v. Glazer Steel Corporation, 606 So.2d 518 (La.1992) wherein our Supreme Court held that an employee's claim under Louisiana's Civil Rights Act for Handicapped Persons was not barred by the exclusivity provisions of the LWCA.
In Cox, the plaintiff, after settling his compensation claim against his employer, pursued a claim under La.R.S. 46:2252 alleging his employer did not rehire him because he was handicapped. The Supreme Court held that the employee was not precluded from asserting such a claim because the statutory scheme of LWCA and R.S. 46:2252 have different bases. LWCA's purpose is to provide compensation for injury in the job place irrespective of fault, while guaranteeing civil job rights for the handicapped is the purpose of R.S. 46:2252. Since "plaintiff's cause of action for discrimination is not based on the employer's liability for the injury, but on the employer's liability for subsequent conduct that, although incidentally related to the on the job injury, gave rise to entirely separate liability under an entirely separate statute." Cox supra, concurring opinion of Justice Lemmon at 521.
Cox is distinguishable from the instant case. Billiot's claim for punitive damages is a direct result of his on-the-job injury. His assertions under Article 2315.3 encompass the same basis for tort relief (gross negligence) that was part of the "quid pro quo" of the LWCA, i.e. the employee receives compensation irrespective of employer fault in return for employer tort immunity. Thus, the distinguishing statutory bases for recovery in Cox is absent in this case. Cox is not dispositive.
We further determine that the "fines and penalties" exception of R.S. 23:1032(B) was intended to exclude those statutes specifically and expressly imposing fines on employers for employment related matters.[3] In the absence of an express *31 legislative pronouncement we simply cannot conclude that Article 2315.3 is a "fine and penalty" exception to the tort immunity afforded employers under the LWCA. Hazardous or toxic substances are common in the industrial work place. To exclude all businesses who store, transport or handle those substances, albeit in a grossly negligent manner, from the exclusivity provisions of LWCA would negate the act's legislative purpose, to wit, employer tort immunity in exchange for guaranteed compensation. We will not judicially undermine legislative intent.
AFFIRMED.
NOTES
[1] The exclusivity provision of Section 1032(A)(1)(a) provides:

"The rights and remedies herein granted to an employee or his defendant on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, defendants, or relations, against his employer, or any principal, or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease."
[2] Official Journal of the House of Representatives, June 4, 1976, H.B. No. 354, p. 20.
[3] For example: Louisiana Revised Statute 23:231-234 which imposes mandatory fines on employers for violations with respect to the employment of minors; Louisiana Revised Statute 23:631 which imposes mandatory penalty on employers who fail to timely pay unpaid wages to employees who are discharged or who resign; Louisiana Revised Statute 23:961 which imposes mandatory fines on employers who restrict the political rights of their employees; Louisiana Revised Statute 23:963 which imposes mandatory fines on employers who coerce or require employees to deal with or purchase specific articles of food, clothing or other merchandise. Louisiana Revised Statute 23:1201.2 which imposes penalties on employers for termination of worker's compensation without probable cause; Louisiana Revised Statute 23:1361 which imposes a mandatory civil penalty on employers for discharging or refusing employment to an employee or applicant because of a prior compensation claim.