KLEES, Judge.
Plaintiffs appeal the trial court’s dismissal of their Second Supplemental and Amending Petition for lack of subject matter jurisdiction. We affirm.
In 1985, plaintiff Gwendolyn R. Gerald filed a complaint with the Equal Employment Opportunity Commission (EEOC) against her employer, defendant Martin Marietta Mi-choud Aerospace Corporation. In the complaint, plaintiff alleged that defendant had refused to consider her for a promotion because she was black, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. (“Title VIH”). As a result of this charge, plaintiff and her employer entered into a written “Negotiated Settlement Agreement,” whereby plaintiff agreed to drop the complaint and her employer agreed to promote plaintiff, raise her salary, increase her responsibilities, and allow her to remain in her new position for as long as “business necessitated” and plaintiffs performance was acceptable.
In 1987, plaintiff was demoted and transferred to another department. As a result, on June 17, 1987, plaintiff filed another EEOC complaint, and an original petition in state court alleging violations of Louisiana’s Fair Employment Practices Statute, R.S. 23:1006 et seq. Defendants petitioned to remove the case to federal court because the lawsuit arose in part from a complaint under Title VII. The petition for removal was denied by the federal district court. Defendants then filed a exception of res judicata asserting that plaintiff was seeking to reliti-gate the same claims previously resolved in the EEOC settlement agreement. Defendants also moved for dismissal of those claims. In opposition, plaintiff contended that she was not suing under Title VII, nor was she suing for breach of the settlement agreement. On November 20, 1987, after a hearing, the trial court maintained the exception of res judicata as to the re-litigation of *922 claims contained in the prior settlement agreement.
On April 11, 1989, plaintiffs employment was terminated. On May 6, 1989, plaintiff filed a First Supplemental and Amending Petition complaining of discrimination and retaliation in the termination of her employment. Almost four years later, on February 1, 1993, plaintiff filed a Second Supplemental and Amending Petition (“Second Petition”) alleging that her demotion and subsequent termination were “in direct violation of paragraph 3(d) of the negotiated settlement agreement” between defendants and herself. The breach of the settlement agreement is the only allegation contained in the Second Petition. Defendants responded by filing a “Declinatory Exception of Lack of Subject Matter Jurisdiction and/or Motion for Partial Summary Judgment,” by which they sought to have the Second Petition dismissed because it alleged a violation of Title VII, over which the court lacked subject matter jurisdiction because plaintiff had not exhausted her Title VII administrative remedies. Following a hearing on March 19,1993, the trial court on March 22nd signed a judgment granting defendant’s exception and motion and dismissing the Second Petition. On March 26th, the trial court issued written Reasons for Judgment noting that “[bjefore plaintiff can pursue her claim in court, she must exhaust all administrative remedies.”
On March 19th, after the trial judge had ruled in open court but before the judgment was signed, plaintiff filed a motion for new trial claiming for the first time that she had exhausted her administrative remedies, and attaching as proof a copy of her 1987 EEOC charge and an EEOC “Right to Sue” letter based on that charge. Plaintiffs motion for new trial was denied. Plaintiff then applied to this court for supervisory writs, and we declined to exercise our supervisory jurisdiction. This appeal followed.
On appeal, plaintiff contends that the trial judge erred in dismissing her Second Petition because the breach of the settlement agreement is not a Title VII claim and alternatively, because she has exhausted her administrative remedies under Title VII. After reviewing the law and the record, we find that the trial court’s judgment is correct.
Plaintiff contends that the enforcement of the EEOC settlement agreement is not governed by Title VII, but rather is governed by Louisiana Civil Code articles 3071 and 3078, which concern the criteria for enforcement of a “transaction or compromise” under state law. We agree with the trial court that federal law preempts state law in this situation. We have previously held that Louisiana courts are to be guided by Title VII and federal caselaw when considering violations of La.R.S. 23:1006, the underlying statute upon which plaintiffs original petition is based. Bennett v. Corroon & Black Corp., 517 So.2d 1245 (La.App. 4th Cir.1987), writ denied 520 So.2d 425 (La.1988); Dawson v. New Orleans Clerks and Checkers, 483 So.2d 249 (La.App. 4th Cir.1986). Moreover, the federal Fifth Circuit has held specifically that EEOC settlement agreements are governed by Title VII and not by La.Civ.Code art. 3071. Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207 (5th Cir.1981). In that case, the Fifth Circuit reasoned that “no significant state interest would be served by absorbing state law as the rule of decision governing Title VII agreements.” Id. at 1209. Therefore, we conclude that the trial court did not err in finding that plaintiffs Second Petition, which alleged only the breach of the EEOC settlement agreement, is a federal claim under Title VII.
We also agree with the trial judge that plaintiff has not exhausted her administrative remedies with respect to this claim. The Second Petition alleges that plaintiffs 1987 demotion and her 1989 termination were violations of the 1985 EEOC settlement agreement between her and defendants. The EEOC charge plaintiff filed in 1987 re- . lates only to her demotion and does not allege that this demotion was a breach of the settlement agreement. In fact, the settlement agreement is not mentioned once in this EEOC charge. Obviously, the “Right to Sue” letter issued in 1989 based on the 1987 charge does not constitute an exhaustion of administrative remedies with regard to the allegations of plaintiffs Second Petition, filed *923 in 1993. Therefore, the trial court correctly dismissed plaintiffs Second Petition because she had failed to exhaust her administrative remedies under Title VII. Finally, we conclude that the trial court properly denied plaintiffs motion for new trial for the substantive reasons given above, and also because the motion was proeedurally defective in that it was filed prematurely before the signing of the judgment. See Bordelon v. Dauzat, 389 So.2d 820, 822-23 (La.App. 3d Cir.1980); Chamblee v. Chamblee, 340 So.2d 378, 380 n. 1 (La.App. 4th Cir.1976).
Accordingly, for the reasons given, the judgment is affirmed.

AFFIRMED.

BARRY, J., dissents.