800 So.2d 806 (2001)
Rodney G. DELANEY
v.
CITY OF ALEXANDRIA.
No. 2001-CC-1076.
Supreme Court of Louisiana.
November 28, 2001.
Robert L. Bussey, Lewis O. Lauve, Jr., Bussey & Lauve, Alexandria, Counsel for Applicant.
Joseph R. Messina, New Orleans, Randall G. Wells, Baton Rouge, Counsel for Respondent.
LOBRANO, Justice Pro Tempore.[*]
We granted certiorari in this employment discrimination case to address the meaning of the term "handicapped" in the Louisiana Civil Rights for Handicapped Persons Act, La.Rev.Stat. 46:2253(1),[1] vis-a-vis a worker injured on the job. Whether the plaintiff is handicapped is a threshold issue that must be addressed before inquiring into the employer's failure to make reasonable accommodations. We conclude that the plaintiff in this case is not handicapped and that the trial court therefore erred in denying the employer's motion for summary judgment.

*807 Facts

The facts are virtually undisputed. On August 19, 1995, while in the course of his employment with the City of Alexandria as a pump maintenance foreman, Rodney Delaney injured his shoulder. As a result of this on-the-job injury, Delaney had three orthoscopic surgeries, two in January 1996 (ten days apart), and another in July 1996. On August 19, 1996, exactly one year after the work-related injury, Delaney's treating physician, Dr. Chris Rich, released him to work with restrictions. Those restrictions generally limited Delaney to light duty, including "light sedentary activity," and specifically limited him to "working at table top level only utilizing his left arm." On October 8, 1996, the City terminated his employment.
Asserting that he was an "otherwise qualified handicapped person" under La. Rev.Stat. 46:2253(4)(a), Delaney filed this action against the City in its capacity as an "employer" under La.Rev.Stat. 46:2253. Delaney contended that the City violated La.Rev.Stat. 46:2254 C, which prohibits discriminating against an otherwise qualified handicapped person who can perform the essential job functions with reasonable accommodations. He sought damages as well as reinstatement. The City responded by filing a motion for summary judgment. The City contended that Delaney's sole remedy for his on-the-job injury was workers' compensation. The City further contended that Delaney could not satisfy the threshold requirement for asserting an action for discrimination; namely, the City contended that he is not "handicapped" as defined by La.Rev.Stat. 46:2253(1).
Finding that a material issue of fact exists regarding whether Delaney could perform the essential functions of a pump maintenance foreman, with reasonable accommodations, the trial court denied the City's motion for summary judgment.[2] The court of appeal denied writs, stating "[t]here is no error in the trial court's ruling." On the City's application, we granted certiorari. 01-1076 (La.6/15/01), 793 So.2d 205,.

Analysis
The governing statutory provision in this case is La.Rev.Stat. 46:2253(1), which defines a "handicapped person" as "any person who has an impairment which substantially limits one or more life activities or (a) has a record of such an impairment or (b) is regarded as having such an impairment." (Emphasis added).[3] Relying primarily on the highlighted portion of the statute, Delaney contends that his on-the-job shoulder injury has rendered him a handicapped person covered by the Act. The City concedes that Delaney's shoulder injury is "an impairment," within the meaning of La.Rev.Stat. 46:2253(2), which defines "impairment" to include "any physical... disorder or condition." The City, however, disagrees with Delaney's contention that his impairment "substantially limits" one or more of his "major life activities."
*808 The phrase "major life activities" is defined by La.Rev.Stat. 46:2253(3) to mean "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." The sole major life activity which Delaney contends his impairment substantially limits is his working.[4]

Major Life Activity of Working
Delaney maintains that his on-the-job injury has substantially impaired his major life activity of working given that it has resulted in his inability to perform jobs requiring lifting heavy objects with his left arm and shoulder. He contends that we should ignore the fact that in February 1997 he formed his own janitorial business, which he continues to operate. In support of this contention, he cites PGA Tour, Inc. v. Martin, 532 U.S. 661, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001), for the proposition that a handicapped individual does not lose his "handicapped" status simply because he is able to continue working. As Delaney puts it, a "[handicapped] individual's ability to work does not diminish the fact that he still has a physical limitation."
The City counters that the undisputed facts are that Delaney was injured, released to light duty, and continues to work in his own janitorial business. Under these undisputed facts, the City contends, to qualify plaintiff as handicapped would transform virtually every workers' compensation claimant into a "handicapped" person. We agree.
Delaney's reliance on PGA Tour is not only misplaced, but also illustrates the fundamental weakness in his position. The golfer in PGA Tour had an admitted disability that substantially impaired his major life activity of "walking;" thus, the threshold question of being handicapped was not at issue. The issue in PGA Tour was whether the PGA had to make reasonable accommodations. Given the golfer's conceded substantial impairment in the major life activity of walking, the fact that, as Delaney posits, the golfer could perform other types of jobs besides professional golfsuch as produce golf videos or teach golf or be a television golf commentator was irrelevant. Indeed, as discussed below, the federal regulations acknowledge that any other major life activity besides working must be evaluated first before working will be considered. The instant case is thus clearly distinguishable from PGA Tour in that working is the sole major life activity on which Delaney relies in his quest to be declared handicapped under the statute.
The category of "working" as a "major life activity" for purposes of determining handicap status has been questioned by the United States Supreme Court in Sutton v. United Air Lines, Inc., 527 U.S. 471, 492, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450, 468-69 (1999), wherein the Court noted:
Indeed, even the EEOC has expressed reluctance to define "major life activities" to include working and has suggested that working be viewed as a residual life activity, considered, as a last resort, only "if an individual is not substantially limited with respect to any other major life activity." 29 CFR pt. 1630, App. § 1630.2(j)(1998)(emphasis added)("If an individual is substantially limited in any other major life activity, no determination should be made as to whether the individual is substantially limited in working" (emphasis added)). Id.

The Sutton Court, however, declined to address the validity of that category and stressed that to satisfy the requirement of "be[ing] substantially limited in the major life activity of working ... one must be *809 precluded from more than one type of job, a specialized job, or a particular job of choice." 527 U.S. at 492, 119 S.Ct. at 2151, 144 L.Ed.2d at 468. The Court noted that "[i]f jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs." Id. Moreover, the Court cited the example in the EEOC's Interpretative Guidelines of a commercial airline pilot whose visual impairment precludes him from being a commercial pilot, yet that individual could "be a commercial airline co-pilot or a pilot for a courier service" and thus would not be substantially limited in the major life activity of working. 527 U.S. at 493, 119 S.Ct. at 2151, 144 L.Ed.2d at 469.[5]
As in Sutton, we are not required to rule on the viability of the "working" category of major life activity. However, based on the reasoning in Sutton, we hold that Delaney's inability to perform the heavy duty functions of the single job position of pump maintenance foreman does not constitute a substantial limitation in the major life activity of working. Nor does Delaney identify a broad class of jobs that he is unable to perform, which might be persuasive. Instead, as the City stresses, he concedes employment in his own janitorial business. That Delaney is able to work, contrary to his contention, renders his reliance on working as the sole substantially limiting major life activity misplaced.[6] Accordingly, we conclude that Delaney cannot satisfy the threshold requirement of proving he is a "handicapped" individual, and thus the City is entitled to summary judgment.

Decree
For the reasons set forth above, we reverse the judgment of the district court denying the City of Alexandria's motion for summary judgment, and we render judgment in favor of the City dismissing plaintiff's action.
REVERSED AND RENDERED.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, Participating in the decision.
[1] We acknowledge that effective August 1, 1997, which was after the conduct complained of in this case, the Legislature amended La.Rev.Stat. 46:2252 to delete the reference to employment discrimination and to provide that such discrimination is now governed solely by one section of Louisiana law; namely, La.Rev.Stat. 23:321-25. We note, however, that the two provisions relevant to the dispute before us are identical in that both define a "handicapped" ("disabled" under new law) person as one having an "impairment" that "substantially limits" a "major life activity," which includes working. La.Rev. Stat. 46:2253(1), and 23:322(3).
[2] The district court also addressed the legal issue of whether workers' compensation was plaintiff's exclusive remedy. Citing this court's decision in Cox v. Glazer Steel Corp., 606 So.2d 518 (La.1992), the district court correctly noted that workers' compensation is not necessarily the exclusive remedy. The City does not dispute that holding.
[3] The definition of "handicap" in La.Rev.Stat. 46:2253(1) is virtually identical to the federal definition of "disability" in the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2)(A), which defines a "disability" as "a physical ... impairment that substantially limits one or more of the major life activities." We thus find it appropriate to look to the federal jurisprudence for guidance in interpreting the meaning of "handicapped" person under our Act. See Bustamento v. Tucker, 607 So.2d 532, 539 n. 9 (La.1992).
[4] While plaintiff also cites manual labor, that activity is simply a subcategory of "working."
[5] In Sutton, supra, the petitioners were twin sisters; both petitioners suffered from severe myopia, which resulted in their uncorrected vision being far from 20/20. Both were denied employment as commercial airline pilots due to their failure to meet the respondent's minimum vision requirement. While the Court's primary holding in Sutton was that the ability to mitigate an individual's impairment cannot be ignored, the Court also held (in discussing the argument that the respondent regarded the petitioners as having a physical impairment) that because the petitioners were only precluded from the single job of commercial airline pilot, they were not disabled under the ADA. As to the latter holding, the Court commented that "[i]ndeed, there are a number of other positions utilizing petitioners' skills, such as regional pilot and pilot instructor to name a few, that are available to them." 527 U.S. at 493, 119 S.Ct. at 2151, 144 L.Ed.2d at 469.
[6] Delaney's vague argument that he is unable to perform manual labor is insufficient to overcome the conceded fact that he is capable of working as shown by his operating his own business.