|,WILLIAMS, J.
This Court granted an application for supervisory writ filed by the defendant, Deborah Killingworth, to review the judgment of the Office of Workers’ Compensation denying her peremptory exception of no cause of action and declinatory exception of lack of subject matter jurisdiction. For the following reasons, we conclude that the Office of Workers’ Compensation does not have jurisdiction over the defendant’s claim. Therefore, we make the writ peremptory and reverse the judgment of the Office of Workers’ Compensation.

FACTS AND PROCEDURAL HISTORY

Deborah Killingworth (“Killingworth”) was employed by Morris and Dickson Company, Ltd. (“M & D”) as a warehouse employee on December 9, 1996. On August 18, 2000, Killingworth voluntarily resigned her employment with M & D because she considered herself constructively discharged from her employment. At the time of her resignation, she stated that she was unable to work due to depression, anxiety attacks and other health problems. Killingworth alleges that these problems arose as a result of an incident which occurred on April 14, 2000, when she was sexually harassed by a male co-worker while delivering supplies to a medical facility in Shreveport, Louisiana.
On November 22, 2000, M & D filed a disputed claim form with the Office of Workers’ Compensation (“OWC”), alleging a bonafide dispute with regard to Killing-worth’s injuries. The form also contained a request for Killingworth to undergo an independent medical examination by a practitioner of M & D’s choice in order to assess the alleged injuries.
|gOn February 6, 2001, Killingworth initiated a charge with the Equal Employment Opportunity Commission, alleging sexual harassment and retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964. On May 29, 2001, Killingworth filed a complaint in the United States District Court for the Western District of Louisiana, Shreveport Division, based upon the Title VII violations.
In her response to the workers’ compensation claim filed by M & D, Killingworth filed exceptions of lack of subject matter jurisdiction and no cause of action. She argued that her act of filing a complaint in the federal court system under Title VII of the Civil Rights Act of 1964 denied the employer any right to pursue a bonafide dispute with the OWC. The peremptory exception was based on the lack of a bona-fide dispute, the preemption of state law by the Title VII Act and the Supremacy Clause of the United States Constitution, and the obstructive nature of an OWC action on her federal claim, further preempted by Rule 35 of the Federal Rules of Civil Procedure.
On January 7, 2002, after a hearing, the workers’ compensation judge denied Kill-ingworth’s exceptions. Thereafter, Kill- *334 ingworth filed this application for supervisory writ.

DISCUSSION

Killingworth contends the OWC does not have jurisdiction over her sexual harassment claim because it is outside of the scope of the Louisiana Workers’ Compensation Act, (“WCA”), i.e., LSA-R.S. 23:1021 et seq. M & D argues that the OWC did not rule that Killingworth has no right to | ¡¡proceed with her case in federal court under Title VII. M & D asserts that the judgment simply allows the employer the statutory right to proceed with a bona-fide dispute of an on-the-job mental injury and the ability to conduct discovery to defend such a claim in the only arena at their disposal. We disagree. The weakness of M & D’s argument lies in the failure to recognize the distinction drawn in Louisiana law between claims that arise under the state workers’ compensation law and claims that arise under other statutes and authorities.
M & D’s argument with regard to the WCA’s scope in this matter was rejected by the Louisiana Supreme Court in Cox v. Glazer Steel Corporation, 606 So.2d 518 (La.1992). The inference drawn from Cox is that statutory discrimination claims are distinct and do not arise under the state workers’ compensation law. LSA-R.S. 23:1310.3(E) provides that the OWC has jurisdiction over all claims or disputes “arising out of’ the WCA. Killingworth’s sexual harassment claim is not within the scope of the WCA because it is not a workplace injury arising out of the course of her employment. Rather, she alleges that an intentional tort was committed against her by a co-employee, a claim which is not within the purview of the state workers’ compensation law. Further, the OWC’s jurisdiction is limited and does not extend to matters that are merely related to workers’ compensation. Covington v. A-Able Roofing, Inc., 95-1126 (La.App. 3rd Cir.3/6/96), 670 So.2d 611.
Killingworth also argues that the bona-fide dispute claimed by M & D is incorrect. She argues that there is no indication that she has ever asserted Lany claim that might be encompassed in the WCA’s exclusivity provisions. Since Killingworth has asserted only a Title VII statutory claim and has never sought workers’ compensation benefits, M & D presents only a theoretical dispute, rather than an actual claim arising under the WCA.
Moreover, federal law preempts state law in this matter. The United States Fifth Circuit Court of Appeal has held that no significant state interest would be served by absorbing state law as the rule of decision governing Title VII disputes. Gerald v. Martin-Marietta Michoud Aerospace Corporation, 630 So.2d 920 (La.App. 4th Cir.1993), citing Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207 (5th Cir. 1981). Additionally, a state law basis for refuting M & D’ s claim is provided by LSA-R.S. 23:1032(B), which states:
Nothing in the Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act. (Emphasis added.)
Under the applicable statutory authority, Killingworth’s sexual harassment claim is not within the scope of this state’s workers’ compensation law. Therefore, we find that the OWC does not have jurisdiction over this claim.

CONCLUSION

For the foregoing reasons, the writ application is granted and made peremptory. *335 The ruling denying the exception of lack of subject matter jurisdiction filed by Deborah Killingworth is reversed.
WRIT GRANTED AND MADE PEREMPTORY; REVERSED.