■ In the Matter of the Claim of DANIEL GIZOWSKI, Respondent, v PACOS CONSTRUCTION COMPANY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J.

Claimant was employed for several years as a truck driver and general yard man by the employer, Pacos Construction Company, Inc.* In March 1986, claimant injured his shoulder and arm at work and filed for workers' compensation benefits. Claimant's physician initially gave him a medical release stating that he could return to work on April 23, 1986. A second release from the physician extended that date to May 27, 1986. Claimant testified that he went into the office at one point to pick up his check and notify his employer that he would be returning on May 27, 1986. When he informed the bookkeeper, a Pacos family member employed at the business, that his arm was still sore, she allegedly responded that her arm was sore from filling out all of claimant's compensation forms.

---

* The record shows that Pacos Construction Company and Dunkirk Construction Products are closely held family corporations owned by the Pacos family. Although claimant technically worked for either one of the companies or both at the same time throughout his tenure, claimant thought of the two companies as the same and it appears from the evidence that they were practically interchangeable.

Thereafter, claimant reported to work on May 27, 1986 and was informed by the employer's vice-president, James Pacos, that the company already had a truck driver and claimant was fired. This testimony was corroborated by another employee of the company who was present on that day and heard Pacos tell claimant that "he didn't need him any more, he had a driver". Nonetheless, another Pacos supervisor called claimant in to work on May 30, 1986. Claimant worked a full day and left the site assuming that he would now be working steadily because the employer had just received a big contract and workers were needed. However, when claimant reported to work the following Monday morning he was again informed that his services were not required. Claimant thereafter filed a discrimination complaint with the Workers' Compensation Board, alleging that he was fired because he had filed a workers' compensation claim. The Workers' Compensation Law Judge disallowed the claim and closed the case, finding insufficient evidence of discrimination. The Board reversed, finding that the employer's dismissal of claimant on May 27, 1986 was a retaliatory action in violation of Workers' Compensation Law § 120. This appeal followed.

There must be an affirmance. The evidence before the Board sufficiently sustained its finding that claimant had been discharged in retaliation for filing a claim for compensation benefits (see, Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 10; Matter of Valentino v American Airlines, 131 AD2d 6, 9). Despite the employer's contention otherwise, claimant met his burden of introducing evidence of a retaliatory termination (see, Matter of Klimczak v General Crushed Stone Co., 114 AD2d 603). Significantly, the Board specifically chose to credit claimant's testimony over that of the employer, an option that was well within the Board's province (see, Matter of McCabe v Peconic Ambulance & Supplies, 101 AD2d 679, 680). Under the evidence presented, the Board was free to reject the employer's alternative arguments that claimant was either not fired at all or was fired for cause. Accordingly, the decision must be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.