■ In the Matter of the Claim of LATANYA BILLINGS, Respondent, v DIME SAVINGS BANK OF NEW YORK, FSB, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [653 NYS2d 190] —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed April 3, 1995, which, inter alia, ruled that the employer discriminated against claimant in violation of Workers' Compensation Law §§ 120 and 241.

Claimant started working for the employer as a quality control analyst in October 1988. She injured her back in an accident which occurred outside her employment in July 1989. Thereafter, she was out of work and collected nonoccupational disability benefits. In October 1989, claimant contacted her employer about returning to work and was advised that her employment had been terminated as of the previous month because her absence from work exceeded the length of time the employer would hold her position open under its job guarantee policy. Claimant filed a complaint with the Workers' Compensation Board, alleging that she had been terminated in retaliation for filing a claim for disability benefits. After various hearings, the Board concluded that the employer had unlawfully discriminated against claimant by terminating her as the result of her filing of a claim for disability benefits in violation of Workers' Compensation Law §§ 120 and 241.

The employer argues that it did not intentionally discriminate against claimant, relying on the testimony of its witnesses that the termination of claimant's employment was the result of an inadvertent misinterpretation of the employer's job guarantee policy. As with any administrative determination of fact, the Board's assessment of the credibility of witnesses and the inferences to be drawn from the evidence presented at the hearing are conclusive if supported by substantial evidence (*see, Matter of Di Maria v Ross*, 52 NY2d 771, 772). The record provides no basis for this Court to disturb the Board's resolution of the credibility issue created by the testimony of the employer's witnesses (*see, Matter of McCabe v Peconic Ambulance & Supplies*, 101 AD2d 679, 680). Assuming that the employer's job guarantee policy fell within its right "to take reasonable steps to secure a steady, reliable, and adequate work force" (*Matter of Duncan v New York State Dev. Ctr.*, 63 NY2d 128, 135), claimant was denied the full benefit of the policy.

Having rejected the testimony of the employer's witnesses that the termination of claimant's employment was the result of an inadvertent misinterpretation of the job guarantee policy, the Board could rationally infer that the employer's conduct was intentional and retaliatory, based upon the clear and unambiguous language of the job guarantee policy, the timing of the termination of claimant's employment and the absence of any legitimate reason for terminating claimant's employment (*compare, Matter of Asem v Key Food Stores Co-Op.*, 216 AD2d 806, *lv denied* 87 NY2d 802, *with Matter of Conklin v City of Newburgh*, 205 AD2d 841). That the evidence in the record would also have supported a finding that the employer's conduct was unintentional is irrelevant, for this Court may not substitute its judgment for that of the Board. We will not consider the employer's remaining contention concerning damages because the Board's decision remits the matter for further development of the record on that issue.

White, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.