■ In the Matter of the Claim of PATRICIA A. JIRAK, Appellant, v FEDERAL EXPRESS CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [677 NYS2d 647] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed March 19, 1997, which, *inter alia*, denied claimant's claim for workers' compensation benefits as untimely.

Claimant worked for the employer package delivery service as a part-time courier until August 1988 when the employer discharged her, citing claimant's frequent absences and tardiness. Over four years later, on September 11, 1992, claimant filed a notice of claim reporting that she had injured her back on February 21, 1988 while working for the employer. It is noteworthy that despite her alleged injuries, claimant continued working until she was discharged on August 1, 1988. The Workers' Compensation Board dismissed the claim as untimely. We affirm.

Provided the issue is timely raised, a claim for compensation benefits is to be filed "within two years after the accident" (Workers' Compensation Law § 28) if no advance payments have been made to the claimant by either the employer or its insurer. Our review of the record discloses that the Board correctly applied the statutory limitations period in this case. The employer appropriately registered an objection on this ground, citing the two-year limitations period set forth in Workers' Compensation Law § 28, at the first hearing attended by all parties. In addition, the evidence establishes that no advance payments were made to claimant on account of her injury, her

chiropractor's bills having been covered by her health insurance plan.

Claimant's contention that the limitations period of Workers' Compensation Law § 28 should have been tolled by reason of her self-professed mental incompetency (*see*, Workers' Compensation Law § 115), which was rejected by the Board, is also without support in the record before us. Included therein are two psychiatrists' reports expressing the opinion that claimant was mentally competent during the relevant time period (*see generally, McCarthy v Volkswagen of Am.*, 55 NY2d 543). Moreover, the record demonstrates that she filed a grievance contesting her discharge immediately thereafter and actively pursued that avenue of redress to its conclusion. Claimant also filed a claim with the US Equal Employment Opportunity Commission and obtained legal assistance in evaluating the resulting settlement offer—which eventually led to the commencement of a discrimination lawsuit—all within two years of the incident. Thus, it cannot fairly be said that she was unable to cooperate with counsel, to understand and protect her rights, or to manage her general business affairs (*see, id.*, at 548) during that time period.

Also untimely was claimant's claim, filed March 20, 1995, pursuant to Workers' Compensation Law § 120, alleging that she was the victim of discriminatory discharge, i.e., that she was fired in August 1988 for having exercised her right to seek workers' compensation benefits. The Board correctly determined that this complaint, filed over six years after the alleged illegal discharge, was also time barred by Workers' Compensation Law § 28. Even if this were not so, however, it is uncontested that claimant did not file a claim for workers' compensation benefits prior to her dismissal on August 1, 1988, nor does it appear that she even expressed an intention to do so. Inasmuch as it cannot logically be argued that claimant's dismissal was in retaliation for an action which she had not yet taken, her Workers' Compensation Law § 120 claim is patently meritless. Claimant's remaining contentions are equally baseless.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.