■ In the Matter of the Claim of JAMES GILLEN, JR., Respondent, v US AIR, INC., Now Known as US AIRWAYS, INC., Appellant. Workers' Compensation Board, Respondent. [688 NYS2d 761] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed April 1, 1998, which, *inter alia,* ruled that claimant was discharged by the employer in violation of Workers' Compensation Law § 120.

On June 29, 1995, claimant allegedly injured his lower back while stacking luggage during the course of his employment with US Airways, Inc. (hereinafter the employer). Claimant filed an occupational injury report and was told by his doctor, whom he saw the next day, to stay out of work until July 5, 1995. When claimant returned to work, the employer told him that he was suspended and, on July 10, 1995, claimant received a termination letter. The employer suspected that claimant was faking his injury so he could have the day off before a long weekend.

On August 31, 1995, claimant filed a claim for workers' compensation benefits and thereafter filed a discrimination complaint against the employer alleging that he was terminated because he had applied for workers' compensation benefits. After a hearing, the Workers' Compensation Law Judge concluded that the employer discriminated against claimant in violation of Workers' Compensation Law § 120 and the Workers' Compensation Board affirmed that decision. The employer now appeals.

Workers' Compensation Law § 120 provides that an employer shall not discharge or discriminate against an employee who claims or attempts to claim compensation. Substantial evidence supports the Board's conclusions that claimant sustained a work-related injury and that the employer terminated him in violation of Workers' Compensation Law § 120 because he was attempting to claim workers' compensation benefits (*see, Matter of Gizowski v Pacos Constr. Co.,* 158 AD2d 868, 869; *Matter of O'Malley v New York City Tr. Auth.,* 158 AD2d 822, 823, *lv denied* 76 NY2d 704; *compare, Matter of Johnson v New York City Tr. Auth.,* 242 AD2d 793, 794, *lv denied* 91 NY2d 803).

At the hearing, the employer's representative stated that he questioned the genuineness of claimant's injury because it was sustained on the day before a long holiday weekend. The representative indicated that claimant had unsuccessfully requested to take the day as vacation and had a history of calling in sick

before long weekends. Furthermore, the employer hired a private investigator to follow claimant that weekend who witnessed claimant traveling in his car, riding on a boat and attending a gathering at his parents' lake house. On the other hand, claimant's doctor testified that claimant sustained a work-related injury to his back and none of the activities that claimant engaged in were against his recommendations. The Board was entitled to resolve credibility issues in favor of claimant and conclude that he sustained an injury and was terminated because he intended to apply for benefits (*see, Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874).

Moreover, we do not find that claimant's termination prior to his application for workers' compensation benefits precludes a finding that the employer violated Workers' Compensation Law § 120. The employer was aware that claimant was going to file for benefits and, believing that he was making a fraudulent claim, noted it as the reason for claimant's termination (*cf., Matter of Jirak v Federal Express Corp.*, 253 AD2d 986, 987, *lv denied* 92 NY2d 818).

The employer's remaining contentions have been reviewed and found to be lacking in merit.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.