■ In the Matter of the Claim of BETTICE McBRIDE, Respondent, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [693 NYS2d 732] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed September 2, 1998, which ruled that the employer discriminated against claimant in violation of Workers' Compensation Law § 120.

Claimant, employed as a research clerk for Mutual Life Insurance Company of New York (hereinafter the employer), began receiving disability benefits for tendinitis in her right elbow on May 24, 1994. During the time she received these benefits until they were terminated on January 23, 1995, it was undetermined whether the injury arose out of her employment. A confidential document dated June 8, 1994 prepared by the employer indicates that the employer was investigating whether claimant's disability was "work related".

An independent medical examination of claimant was performed at the employer's request and conducted on January 23, 1995. The examining doctor found that claimant, though

partially disabled, could return to work to perform certain specified tasks. Then, on February 21, 1995, the employer's human relations consultant received a message from the employer's benefits specialist regarding claimant expressing concern that "we may be in the middle of a disability situation". The following day the human relations consultant sent claimant a letter stating that she had been released to return to work and her failure to do so by February 27, 1995 would be considered a voluntary termination of her employment; that letter was returned unclaimed. On February 27, 1995, claimant telephoned the employer and advised that the injury was indeed work related and that she would be filing a workers' compensation claim. Though fully aware in early March 1995 that claimant was seeking workers' compensation benefits, on March 20, 1995 the termination letter was again sent to claimant. With these facts before it, the Workers' Compensation Board concluded that the employer had knowledge that claimant was applying for compensation prior to her discharge and that the employer had violated Workers' Compensation Law § 120. The employer now appeals.

Given the foregoing, the elusiveness of proof of discriminatory intent in claims of this type (see, Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 10; Matter of Lawrence v Consolidated Edison Co., 240 AD2d 871, 873) and because we are bound by the Board's assessment of the witnesses' credibility as well as the inferences that are drawn from the evidence presented at the hearing—so long as there is, as here, substantial supportive evidence (see, Matter of Di Maria v Ross, 52 NY2d 771, 772; Matter of Billings v Dime Sav. Bank, 236 AD2d 649, 650)—the Board's decision must be affirmed (see, Matter of Gillen v U.S. Air, 260 AD2d 853).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.