■ In the Matter of the Claim of NICOLAE BUZEA, Respondent, v ALPHONSE HOTEL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 337] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed June 22, 2000, which ruled that claimant was discharged by the employer in violation of Workers' Compensation Law § 120.

On June 26, 1997, claimant, who had performed maintenance, electrical and plumbing tasks for the employer prior to being fired on June 20, 1997, filed a claim for workers' compensation benefits for an injury he received at work on June 18, 1997. On this same day, he also filed a discrimination complaint against the employer pursuant to Workers' Compensation Law § 120, alleging that he was fired for seeking medi-

cal treatment for the June 18, 1997 work-related injury. Following a hearing on the compensation claim, a Workers' Compensation Law Judge (hereinafter WCLJ) found accident, notice and causal relationship, thus awarding claimant benefits. This determination was made after the WCLJ specifically found the testimony of the employer's witnesses to be incredible and claimant's witnesses to be credible.* This determination was affirmed by the Workers' Compensation Board.

Following a separate hearing on the discrimination complaint, a separate WCLJ denied the complaint on a misinterpretation of Workers' Compensation Law § 120, that is, the WCLJ erroneously concluded that the statutory language of Workers' Compensation Law § 120 *required* an employee's termination to follow an effort to file and/or maintain a workers' compensation claim and that, since the instant claim was not filed until June 26, 1997 (i.e., six days *after* he was terminated), it had to be disallowed. Upon appeal, however, the Board reversed, citing this Court's decision in *Matter of Gillen v US Air* (260 AD2d 853) wherein we held that an employee's termination prior to an application for workers' compensation benefits does not preclude a finding that a Workers' Compensation Law § 120 violation was committed. The Board further found, upon its review of the record and particularly claimant's testimony, that the employer indeed discriminated against him in violation of Workers' Compensation Law § 120 in that it had the requisite knowledge of claimant's intent to file a claim for compensation prior to June 26, 1997 and that claimant was in fact dismissed as a consequence of a work-related accident. The employer appeals.

"Workers' Compensation Law § 120 prohibits an employer from discharging * * * an employee because such employee has claimed or is attempting to claim workers' compensation benefits" (*Matter of Coscia v Association for Advancement of Blind & Retarded*, 273 AD2d 719, 720; accord, *Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 873). As aptly stated in *Matter of Lawrence v Consolidated Edison Co.* (*supra*): "[C]ourts have recognized that an employer seeking to dissuade its employee from pursuing a compensation claim rarely telegraphs its intent for all the world to see * * * Rather, as

---

* The employer maintained at the hearing that claimant was not working on June 18, 1997. As to why claimant is no longer employed at the hotel, the employer maintained that when claimant returned to work on June 20, 1997, he was "asked" if he wanted to continue working there and responded in the negative. Suffice it to say, claimant's testimony, as well as certain documentary proof admitted at the hearings, seriously contradicted this version of events.

the employer has a vested interest in avoiding detection, it is expected that the employer will seek to accomplish its objective in a subtle fashion * * * thereby making it difficult for the employee to present direct evidence of retaliatory intent" (*id.*, at 873 [citations omitted]).

Based upon our review of the record, we conclude that claimant readily sustained his burden of demonstrating that "the prospect of a * * * claim for benefits motivated the employer to engage in retaliatory discrimination or to discharge him for a discriminatory purpose" (*Matter of Coscia v Association for Advancement of Blind & Retarded, supra*, at 720) and thus substantial evidence supports the Board's determination that the employer violated Workers' Compensation Law § 120 (*see, e.g., Matter of McBride v Mutual Life Ins. Co.*, 263 AD2d 859; *Matter of Lawrence v Consolidated Edison Co., supra*; *Matter of Cozzy v Movers Inc.*, 157 AD2d 897, *lv dismissed* 76 NY2d 772). Claimant testified that he was injured in the late afternoon hours of June 18, 1997 when he hit his head on a pipe in the boiler room of the hotel where he worked. According to claimant, the accident was not only witnessed by the hotel owner's son, but was also reported to the hotel owner's wife (both of whom were also employed by the employer). Moreover, when claimant told the owner's wife that he needed to seek medical help for his head injury, she told him "no, no, back to work" and warned that he would be fired if the owner saw him injured or if he left to seek medical treatment. Thus, according to claimant, he returned to work that afternoon and sought medical treatment at a local emergency room the following day, June 19, 1997.

Claimant further testified that upon reporting back to work on June 20, 1997, he was asked by the hotel owner of his whereabouts the previous day. Upon telling the owner that he was at the hospital seeking medical treatment for his head injury, he was immediately terminated. Although claimant never specifically articulated to the employer that he intended to file a workers' compensation claim (*compare, Matter of Gillen v US Air*, 260 AD2d 853, *supra*), the lack of such a precise conversation is not fatal to a finding that Workers' Compensation Law § 120 was violated by the employer under the particular circumstances of this case. Given the record evidence that claimant was indeed injured at work, threatened with termination for requesting to seek medical attention for this injury and then in fact terminated for seeking such medical attention, claimant demonstrated that the mere prospect of his filing a claim for benefits resulted in a retaliatory discharge by the

employer. Said differently, "[t]he Board was entitled to resolve credibility issues in favor of claimant and conclude that he sustained an injury and was terminated because he *intended* to apply for benefits" (*id.*, at 854 [emphasis supplied]).

Mercure, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs.