■ In the Matter of the Claim of ARNOLD B. DRAKES, Respondent, v BANK JULIUS BAER & COMPANY, LTD., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 609] —Rose, J. Appeals from two decisions of the Workers' Compensation Board, filed December 6, 2000 and April 29, 2002, which, inter alia, ruled that claimant was discharged by the employer in violation of Workers' Compensation Law § 120.

On March 9, 1998, claimant, a computer operator employed by Bank Julius Baer & Company, Ltd. (hereinafter the employer), tripped on a loose floor tile at his work place and allegedly sustained injuries to his neck, back and shoulder. Shortly after claimant filed a claim for workers' compensation benefits and while he was absent from work allegedly due to his injuries, the employer terminated his employment. Claim-

ant then filed a complaint alleging that, in violation of Workers' Compensation Law § 120, the employer unlawfully discharged him for seeking workers' compensation benefits. After a hearing, the Workers' Compensation Law Judge found a violation of the statute. On subsequent review, a panel of the Workers' Compensation Board affirmed that determination. The employer's application for full Board review was later denied, prompting this appeal of the Board panel's decision.*

Based upon our review of the record as a whole, we find that the Board's determination is supported by substantial evidence (*see Matter of Axel v Duffy-Mott Co.*, 47 NY2d 1, 6; *Matter of Gillen v US Air*, 260 AD2d 853; *Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874). While the employer presented evidence that claimant was discharged for a nondiscriminatory reason, namely poor work performance that had been previously documented, the Board did not credit the employer's assertion that the decision to discharge claimant had been made before he sustained his injuries and that his work performance was the reason for his termination. An internal memorandum indicated that claimant remained on probation at the time of his accident and was not discharged until after he filed his claim. This and other conflicting proof raised questions of fact and issues of credibility, which the Board was free to resolve in claimant's favor (*see Matter of McBride v Mutual Life Ins. Co. of N.Y.*, 263 AD2d 859, 860; *Matter of Lawrence v Consolidated Edison Co.*, *supra* at 874; *Matter of Billings v Dime Sav. Bank of N.Y.*, 236 AD2d 649, 650). It is not the role of this Court to substitute its judgment as to the inferences that should be drawn from such evidence (*see Matter of Axel v Duffy-Mott Co.*, *supra* at 6; *Matter of McBride v Mutual Life Ins. Co. of N.Y.*, *supra* at 860), and the mere fact that some evidence would support a contrary conclusion is of no consequence (*see Matter of Lawrence v Consolidated Edison Co.*, *supra* at 874). Resolving the factual and credibility issues in claimant's favor, the Board could properly conclude that the employer's stated reasons for his discharge were pretextual and, as such, the discharge violated Workers' Compensation Law § 120. Accordingly, the Board's decision must be affirmed.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decisions are affirmed, with costs.

---

* Although the employer also appealed the denial of full Board review, it did not brief this issue on appeal. Accordingly, we deem this aspect of the appeal to have been abandoned (*see Fraser v Fraser*, 295 AD2d 864, 865 n).