■ In the Matter of the Claim of MARTHA MEDINA, Appellant, v BUILDING MAINTENANCE SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 470] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 2, 2001, which ruled that claimant is not entitled to workers' compensation benefits for the period from October 4, 1999 to April 18, 2001.

On July 5, 1999, claimant sustained work-related injuries to her neck and back. She sought medical treatment on July 9, 1999, and on August 9, 1999 she filed a claim for workers' compensation benefits. The Workers' Compensation Board initially indexed the claim against Fireman's Fund Insurance Company (hereinafter Fireman's Fund) and requested neces-

sary forms and medical records be filed with the Board. Claimant's doctor, Magdy Elamir, a neurologist located in New Jersey, indicated that claimant was undergoing medical treatment and would not be able to return to work until October 4, 1999.

Elamir's initial medical reports were submitted to the Board and Fireman's Fund was put on notice regarding coverage inquiry.* At a May 26, 2000 hearing, Fireman's Fund was determined to be the workers' compensation carrier and the matter was scheduled for a July 31, 2000 hearing date. Fireman's Fund appealed the determination, contending that the State Insurance Fund (hereinafter State Fund) was the proper carrier. At the July 31, 2000 hearing, both claimant and Fireman's Fund objected to the taking of claimant's testimony without the presence of State Fund to cross-examine claimant. The objections were overruled and claimant testified that she attempted to return to work for two days in November 1999, but her injuries prevented her from continuing to work. Additionally, claimant testified that she was under the care of Elamir, who diagnosed claimant's two punctured discs, and she was receiving therapy for her injuries. Fireman's Fund filed a notice of controversy on August 29, 2000 regarding the issue of insurance coverage. By decision made at a December 21, 2000 hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) rescinded his previous determination and found that State Fund was the proper carrier. State Fund filed a notice of controversy on February 21, 2001.

At a hearing on April 18, 2001 regarding issues of coverage, testimony was taken by claimant and lay witnesses. As of the April 2001 hearing, claimant's doctor was still sending medical reports to Fireman's Fund. It is undisputed that Elamir had not filed his reports with the Board after August 1999 and before April 18, 2001 and that State Fund had never received any medical reports until the hearing of April 18, 2001. Nevertheless, the WCLJ made awards for compensable lost time from July 6, 1999 through the date of the hearing, less a limited number of days when claimant returned to work in November 1999. State Fund sought review of the decision and, by amended decision filed November 2, 2001, the Board rescinded the award for the period between October 4, 1999 and April 18, 2001 finding that State Fund had been prejudiced in the defense of the claim by claimant's failure to timely file medical reports with the Board or the carrier showing an ongoing dis-

---

* Elamir filed his initial reports with the Board and Fireman's Fund but, after August 1999, he filed his reports only with Fireman's Fund.

ability after October 4, 1999, thereby giving the carrier no reason to have claimant examined regarding degree of disability.

On appeal, claimant contends that the Board's decision depriving her of workers' compensation benefits due to the prejudice caused by her physician's failure to file medical reports is irrational, contrary to law and not supported by substantial evidence. We agree, in part. An administrative determination is supported by substantial evidence when one could reasonably reach the agency's determination on the basis of the evidence presented (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181). This Court is "bound by the Board's assessment of the witnesses' credibility as well as the inferences that are drawn from the evidence presented at the hearing—so long as there is * * * substantial supportive evidence—the Board's decision must be affirmed" (Matter of McBride v Mutual Life Ins. Co. of N.Y., 263 AD2d 859, 860 [citations omitted]; see Matter of Di Maria v Ross, 52 NY2d 771, 772; Matter of Billings v Dime Sav. Bank, 236 AD2d 649, 650).

It is axiomatic that deference should be given to an administrative agency's interpretations of its own regulations (see Harbolic v Berger, 43 NY2d 102, 109; Matter of Howard v Wyman, 28 NY2d 434, 438). Although the Board has the authority to accept for filing medical reports beyond the time periods fixed by statute (see Workers' Compensation Law § 13-a [4]) and regulation (see 12 NYCRR 325-1.3 [c]), the Board correctly interpreted 12 NYCRR 325-1.3 (b) (4) as barring late filed medical reports from receiving retroactive effect where there is prejudice. Here, claimant failed to secure medical reports for her file for the time frame October 4, 1999 to April 18, 2001. Although Elamir continued to send the medical reports to Fireman's Fund, even after State Fund was determined to be the proper carrier, the Board correctly found that he had a regulatory obligation to send a copy of ongoing disability medical reports to the Board. However, State Fund could not have suffered any prejudice until December 21, 2000, since until the determination was made that it was the proper carrier, State Fund would have had no reason to schedule a medical examination of claimant on a claim filed with another carrier, to wit, Fireman's Fund.

Under the circumstances here, we find that claimant has demonstrated that State Fund suffered no prejudice for the period from October 4, 1999 to December 21, 2000 and, therefore, conclude that the Board's denial of claimant's benefits for this period was arbitrary, irrational and not supported by substan-

tial evidence (*see Matter of Nebenhaus v Lydmark Corp.*, 79 AD2d 804, 805). Conversely, in light of the foregoing, we find substantial evidence does exist to support denial of benefits from December 21, 2000 to April 18, 2001 due to both claimant's and Elamir's failure to adhere to 12 NYCRR 325.1-3 (b) (4).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as denied claimant workers' compensation benefits for the period from October 4, 1999 to December 21, 2000, and, as so modified, affirmed.