◼ In the Matter of the Claim of KEMITU BEY, Appellant, v ARAMARK HEALTHCARE SUPPORT SERVICES, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 629]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed December 24, 2004, which ruled that claimant was not discriminated against by the employer in violation of Workers' Compensation Law § 120.

Following claimant's failure to provide the employer with medical documentation regarding his absence from work, his employment was terminated. Approximately six months later, claimant filed a claim for workers' compensation benefits, alleging that it was a work-related injury that had kept him from work. After another six months elapsed, claimant filed a discrimination complaint against the employer, alleging that his termination was in retaliation to his filing or attempting to file a claim for workers' compensation benefits. As a result of the employer's failure to appear for the discrimination hearing, its witnesses were precluded and the hearing proceeded upon claimant's testimony only. At the conclusion of the hearing, a workers' compensation law judge found that claimant failed to establish that the employer discriminated against him in violation of Workers' Compensation Law § 120 and dismissed his complaint. Upon review, the Workers' Compensation Board reversed. Subsequently, however, the Board rescinded its prior decision and affirmed the workers' compensation law judge's decision finding no discrimination. This appeal by claimant ensued.

It is clear that the Board has continuing jurisdiction over workers' compensation claims and its authority to change and modify its prior determinations is broad (*see* Workers' Compensation Law § 123; *Matter of Gibson v Carrier Corp.*, 307 AD2d 616, 618 [2003]; *Matter of Schroeter v Grand Hyatt Hotel*, 262 AD2d 725, 726 [1999]). Accordingly, we will not disturb the Board's decision to reconsider the instant claim.

Turning to the merits, the record contains evidence that in October 1998 claimant was advised by the employer that, in light of his excessive absenteeism, he was required to provide documentation from a physician stating the nature of his illness and inability to work in connection with any further absences. In December 1998, claimant left work to be treated at the emergency room for a headache and dizziness. Claimant also missed work the next day. When claimant returned to work the following day, he provided the employer with a note from the emergency room requesting that he be excused from work for the preceding 24-hour period. The employer advised claimant that this note was insufficient and when claimant failed to provide the required documentation, he was discharged. Inasmuch as the foregoing provides substantial evidence for the Board's determination that the employer did not discriminate against claimant in violation of Workers' Compensation Law § 123, we will uphold it, despite the existence of some evidence which would support a contrary result (*see Matter of Gibson v Carrier Corp., supra* at 618; *Matter of Lawrik v Superior Confections*, 300 AD2d 777, 779 [2002]).

Cardona, P.J., Crew III, Lahtinen and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.