■ In the Matter of the Claim of RANDY BLACKWELDER, Appellant, v FAITH HERITAGE SCHOOL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 225]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2005, which ruled that the value of tuition remission should not be included in the calculation of claimant's average weekly wage.

Claimant commenced employment as a maintenance and custodial worker at a private school in September 2002; five weeks later he sustained a compensable injury. Claimant was paid $345.20 for the weeks he worked and, as a full-time employee of the school, he received free tuition for his three children. During the administrative proceedings, the issue of whether the tuition remission, valued in the amount of $231.35 per week, should be included in the calculation of claimant's average weekly wage arose. A panel of the Workers' Compensation Board ultimately concluded that the tuition remission was not "wages" within the meaning of Workers' Compensation Law § 2 (9), and should not be included in claimant's average weekly wage. Claimant appeals.

As relevant here, " '[w]ages' means the money rate at which the service rendered is recompensed . . . including the reasonable value of board, rent, housing, lodging or similar advantage received from the employer" (Workers' Compensation Law § 2 [9]). "Wages" may include benefits or consideration given to an employee as remuneration for work, labor or services provided by the employee (see Matter of O'Neil v Randolph Dairy Farm, 65 AD2d 907, 908 [1978]; Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 2, at 32; see also Matter of Ciarla v Solvay Process Co., 184 App Div 629, 631 [1918], affd 226 NY 566 [1919]). Where the value of tuition compensates the employee for services provided, it will be considered wages within the meaning of Workers' Compensation Law § 2 (9) (see Deerkill Day Camp Inc., 1995 WL 316904, 1995 NYWCLR [LRP] LEXIS 83 [May 19, 1995]; compare Syracuse Univ., WCB No. 6931 7156, 2001 WL 1011072, 2001 NY Wrk Comp LEXIS 94673 [Aug. 16, 2001]).

Here, the record bears evidence that claimant was paid at an hourly rate for a 40-hour week at a rate comparable to that of his predecessor, and that claimant's rate of pay was unaffected by whether his children attended the school. Although claimant worked for the school for only five weeks in the fall of 2002, the

tuition remission was provided retroactive to July 2002 and continued until December 2003. The employer considered the tuition remission to be an additional benefit akin to health benefits, and indicated that the Internal Revenue Service has ruled that tuition remission was not a taxable benefit. Inasmuch as the record contains substantial evidence supporting the Board's determination that the tuition remission was an additional benefit not given as remuneration for services provided by claimant, and therefore not "wages" within the meaning of Workers' Compensation Law § 2 (9), the determination will not be disturbed (*see generally Matter of Pelli v St. Luke's Mem. Hosp. Ctr.,* 307 AD2d 555, 556 [2003], *lv denied* 1 NY3d 501 [2003]; *Matter of Medina v Building Maintenance Serv.,* 302 AD2d 774, 776 [2003]; *Matter of O'Neil v Randolph Dairy Farm, supra* at 908).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.