■ In the Matter of the Claim of JOHN TANGORA, Appellant, v VOLUME SERVICES AMERICA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [820 NYS2d 158]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed March 17, 2005, which, inter alia, ruled that the value of certain benefits should not be included in the calculation of claimant's average weekly wage.

Claimant injured his back while working as a manager in charge of food concessions. After he filed a claim for workers' compensation benefits, a question arose regarding whether the calculation of claimant's average weekly wage should include the value of certain temporary housing provided by the employer during horse racing meets. Following the testimony of claimant and the employer's vice-president of operations, a Workers' Compensation Law Judge found that the housing did not constitute remuneration for services and was, therefore, not properly included in calculating claimant's average weekly wage. Upon review, the Workers' Compensation Board affirmed and claimant now appeals.

Pursuant to the Workers' Compensation Law, the reasonable money value of housing provided by an employer constitutes wages where such housing is provided as part of the employee's compensation under the contract of hiring (*see* Workers' Compensation Law § 2 [9]; 12 NYCRR 357.1 [a], [b] [1]; *see also Matter of Blackwelder v Faith Heritage School*, 27 AD3d 1004, 1005 [2006]). Here, the Board credited the testimony of the employer's witness that the housing provided to claimant and

other employees was not remuneration for services, but was intended to prevent them from having to incur extra living expenses while working away from their primary residences.

The record establishes that claimant was not provided with housing when he worked for the employer at the Saratoga Race Track in Saratoga County during the summer of 2000 because he had a residence from which he was able to commute. Then, when claimant went to work for the employer at the Belmont Race Track in Nassau County in September 2000, he was provided with housing, as the employer understood that he was maintaining a residence upstate. Upon returning to Saratoga Race Track the next summer, claimant informed the employer that he no longer had a residence and the employer agreed to furnish housing there provided that claimant obtain his own residence when he returned to Belmont at the conclusion of the Saratoga racing season. Notably, there was no evidence that employees who were not provided housing received higher salaries than those who did. Furthermore, claimant admitted that the value of the housing was not included in his W-2 forms and he did not claim it as income on his tax returns (*see Rockefeller Univ.*, 2002 WL 223142, 2002 NY Wrk Comp LEXIS 87867 [Feb. 5, 2002]).

Inasmuch as the Board's factual findings are supported by substantial evidence, we will not disturb its decision (*see Matter of Blackwelder v Faith Heritage School, supra* at 1006; *Matter of Thomasula v Wilson Concrete & Masonry*, 15 AD3d 796, 796-797 [2005]; *Matter of White v Dean's Food & Vegetable Co.*, 288 AD2d 649, 649 [2001]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.