In the Matter of the Claim of GUY LITTLE, Respondent, v GAINES ELECTRICAL CONTRACTING, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [828 NYS2d 636]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2005, which ruled that claimant was discriminated against by the employer in violation of Workers' Compensation Law § 120.

Claimant, an electrician apprentice, maintains that he suffered a ventral hernia as he lifted scrap conduit at a job site for the employer. He advised the employer of his injury and discussed with the employer's president, David Gaines, the possibility of filing a workers' compensation claim. According to claimant, Gaines told him to "take a layoff" and use health insurance to pay for his medical expenses because a workers' compensation claim "would hurt the company's insurance."\* Claimant thereafter applied for and was awarded unemployment insurance benefits. Following hernia surgery, recovery and clearance from his doctor, claimant notified the employer that he was able to resume working. In response, the employer explained to claimant that no work was available. Upon

---

\* In contrast, Gaines testified that, after claimant told him of the injury, he advised claimant that he did not believe such an injury occurred and anyworkers' compensation claim would be contested. Gaines stated that he told claimant that work was slow and "[i]f he wanted to be laid off, he could."

subsequently learning that the employer apparently engaged an independent contractor to perform work that he could have done, claimant concluded he would not be recalled to work and filed a claim for workers' compensation benefits. Additionally, in a complaint filed December 1, 2003, he alleged that the employer violated Workers' Compensation Law § 120 by discriminating against him in retaliation for reporting a workplace injury. The employer formally terminated claimant on December 11, 2003. The Workers' Compensation Board ruled that the employer discriminated against claimant, prompting this appeal.

The record contains substantial evidence supporting the Board's decision that the employer engaged in retaliatory discrimination in violation of Workers' Compensation Law § 120 and, therefore, we affirm (*see Matter of Buzea v Alphonse Hotel Corp.*, 289 AD2d 749, 751 [2001]; *Matter of McBride v Mutual Life Ins. Co. of N.Y.*, 263 AD2d 859, 860 [1999]). Contrary to the employer's argument, claimant's proof, credited by the Board, was sufficient to satisfy his burden of demonstrating "a causal nexus between his efforts to obtain workers' compensation benefits and the employer's allegedly retaliatory conduct" (*Matter of Gibson v Carrier Corp.*, 307 AD2d 616, 618 [2003]; *see Matter of Lawrik v Superior Confections*, 300 AD2d 777, 779 [2002]). While the employer offered other evidence that it claimed demonstrated a legitimate basis for its actions, the Board specifically chose not to credit that proof and it is not this Court's function "to second-guess the Board's resolution of factual and credibility issues" (*Matter of Gibson v Carrier Corp., supra* at 618). Thus, regardless of the submission of evidence which could arguably support a contrary conclusion (*see Matter of Bey v Aramark Healthcare Support Servs., Inc.*, 26 AD3d 607, 608 [2006], *lv denied* 7 NY3d 702 [2006]; *Matter of Lawrik v Superior Confections, supra* at 779), we find no basis to disturb the Board's decision.

The employer's remaining contentions, to the extent not specifically addressed herein, have been considered and found to be unavailing. Notably, we find no basis to conclude that the Board abused its discretion in denying the employer's request to reopen the hearing (*see Matter of Cagle v Judge Motor Corp.*, 31 AD3d 1016, 1017-1018 [2006]; *Matter of Palma v New York City Dept. of Corrections*, 301 AD2d 774, 775 [2003]).

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.

