[960 NYS2d 532]

In the Matter of the Claim of CAROLYN ANNE COLEMAN, Respondent, v COMPASS GROUP USA, INC./CHARTWELLS, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, February 28, 2013

### APPEARANCES OF COUNSEL

*Littler Mendelson, PC*, New York City (*Theo E.M. Gould* of counsel), for appellant.

*Kristina S. Heuser*, Locust Valley, for Carolyn Anne Coleman, respondent.

*Eric T. Schneiderman, Attorney General*, New York City (*Steven Segall* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

STEIN, J.

Claimant was discharged from her employment one week after her claim for workers' compensation benefits was established. She subsequently alleged that her discharge was retaliatory and asserted discrimination pursuant to Workers' Compensation Law § 120. A Workers' Compensation Law Judge (hereinafter WCLJ) filed a decision in January 2009, which concluded that the employer had violated Workers' Compensa-

tion Law § 120 by discharging claimant because she had filed for workers' compensation benefits and directed the employer to reinstate her to her former position. In a subsequent decision, the employer was directed to pay claimant back wages and counsel fees.

■ Shortly thereafter, the parties entered into an agreement resolving the discrimination complaint,[1] notified the WCLJ of their agreement and submitted it to the WCLJ along with a form entitled "Satisfaction of Decision and Discontinuance with Prejudice." The WCLJ, however, refused to approve the agreement because it did not comport with the procedural requirements of Workers' Compensation Law § 32. The parties then submitted a redrafted agreement. However, when the parties appeared before the WCLJ, claimant stated that she no longer consented to the terms of the agreement. As a result, the WCLJ refused to approve the agreement (see Workers' Compensation Law § 32; 12 NYCRR 300.36 [d]). Upon review, the Workers' Compensation Board affirmed, and the employer now appeals.[2]

■ Pursuant to Workers' Compensation Law § 32, "[n]o agreement or release . . . by an employee to waive his [or her] right to compensation under this chapter shall be valid" unless certain requirements for the approval of such agreement are met. The employer's principal claim on appeal here is that the requirements of Workers' Compensation Law § 32 for Board approval of settlements do not apply to agreements involving discrimination complaints under Workers' Compensation Law § 120 because such discrimination complaints are not claims for *compensation*. While we agree that claims under Workers' Compensation Law § 120 do not seek compensation as that term is used throughout the Workers' Compensation Law—including

---

1. The agreement also resolved a separate gender discrimination lawsuit that claimant had filed against the employer, but it did not resolve the underlying workers' compensation case.

2. [1] Although the Board amended the decision at issue here on two occasions, the employer has apparently appealed from only the original decision. Inasmuch as the original decision and amended decisions are not materially different and there has been no claim of prejudice, we will exercise our discretion and treat the appeal as a valid appeal from the second amended decision (see CPLR 5520 [c]; *Matter of Kucuk v Hickey Freeman Co., Inc.*, 78 AD3d 1259, 1260 n 1 [2010]). Further, to the extent that the employer's notice of appeal purports to appeal from the 2009 decision that found that the employer had discriminated against claimant, such appeal is untimely (see Workers' Compensation Law § 23). In any event, the employer has abandoned any appeal therefrom by failing to address such decision in its brief (see *Matter of Perez v Licea*, 74 AD3d 1672, 1673 n 1 [2010], *lv denied* 15 NY3d 711 [2010]).

section 32—we are not persuaded that, as a result, Workers' Compensation Law § 32 is inapplicable to the settlement of such claims.

In this regard, Workers' Compensation Law § 32 (a) provides that "[w]henever a claim has been filed, the claimant . . . may enter into an agreement settling upon and determining the compensation *and other benefits* due to" the claimant, but that "[t]he agreement shall not bind the parties to it, unless it is approved by the [B]oard" (emphasis added). We agree with the employer that the term compensation as used in Workers' Compensation Law § 32 is not the equivalent of that term as used in Workers' Compensation Law § 120.[3] However, where, as here, a workers' compensation claim has been filed, Workers' Compensation Law § 32 (a) also plainly requires Board approval for the settlement of other benefits stemming from such claim (*compare Warden v E.R. Squibb & Sons, Inc.*, 840 F Supp 203, 208 [ED NY 1993] [discussing the term "compensation" as it relates to Workers' Compensation Law § 120 and former § 32]). In our view, the agreement here involved such "other benefits."

The purpose of Workers' Compensation Law § 120 "is to protect employees from retaliation by an employer for filing claims for compensation or disability benefits" (*Matter of Johnson v Moog, Inc.*, 114 AD2d 538, 539 [1985]; *see Matter of Axel v Duffy-Mott Co.*, 47 NY2d 1, 5 [1979]). Thus, entitlement to relief under Workers' Compensation Law § 120 results from a "claim[ ] or attempt[ ] to claim compensation from [the] employer," and any relief awarded to a claimant pursuant to Workers' Compensation Law § 120 constitutes a benefit arising out of that claim for the purposes of Workers' Compensation Law § 32 (*see Matter of Gibson v Carrier Corp.*, 307 AD2d 616, 618 [2003]). Moreover, inasmuch as the settlement agreement here purported to resolve the discrimination claim after the WCLJ had directed the employer to reinstate claimant and pay

---

**3.** For purposes of Workers' Compensation Law § 32, compensation is defined as "the money allowance payable to an employee" stemming from a workers' compensation claim (Workers' Compensation Law § 2 [6]; *see Matter of Greenberg v New York City Tr. Auth.*, 7 NY3d 139, 143-145 [2006]). On the other hand, in the context of Workers' Compensation Law § 120, compensation is a broader term, targeted at making the victim of discrimination whole (*see Matter of Greenberg v New York City Tr. Auth.*, 7 NY3d at 143-145). The remedies for a claim of discrimination under Workers' Compensation Law § 120 are not compensation as that term is used throughout the Workers' Compensation Law, including section 32 (*see id.; cf. Matter of Gibson v Carrier Corp.*, 307 AD2d 616, 618 n [2003]; *Matter of Cordell v City of Oneida Youth Div.*, 146 AD2d 362, 363-364 [1989], *lv denied* 74 NY2d 614 [1989]).

her back wages and counsel fees, such agreement had a direct impact upon benefits awarded to claimant pursuant to Workers' Compensation Law § 120, and the Board had continuing jurisdiction over the claim for such benefits (*see* Workers' Compensation Law § 123; *Matter of Gibson v Carrier Corp.*, 307 AD2d at 618; *compare Warden v E.R. Squibb & Sons, Inc.*, 840 F Supp at 208). Further, the settlement had a potential effect upon the workers' compensation claim. As a result, we find no basis to disturb the Board's conclusion that the agreement was subject to the approval requirements of Workers' Compensation Law § 32.

■ Pursuant to Workers' Compensation Law § 32, a party may withdraw his or her approval of an agreement "within [10] days of submitting" it to the Board (Workers' Compensation Law § 32 [b] [3]; *see* 12 NYCRR 300.36 [d] [3]), which occurs when the parties appear before the Board (*see* 12 NYCRR 300.36 [e]; *Matter of Velez v Modern Linens & Towels*, 21 AD3d 1239, 1240 [2005], *lv denied* 6 NY3d 708 [2006]). Here, inasmuch as claimant indicated that she no longer consented to the agreement at the time it was submitted to the Board, the WCLJ properly disapproved the agreement.

To the extent not specifically addressed, the employer's remaining claims have been considered and rejected.

Rose, J.P., Spain and McCarthy, JJ., concur.

Ordered that the appeal from the decision filed June 16, 2009 is dismissed.

Ordered that the decision filed June 21, 2011, as amended by the decision filed November 15, 2011, is affirmed, with costs to claimant.