Rose, J.E
Appeal from a decision of the Workers’ Compensation Board, filed October 4, 2012, as amended by decision filed March 1, 2013, which, among other things, denied claimant’s request to move the case to a different venue.
Claimant, who resides in New York City, filed a claim for *1210 workers’ compensation benefits alleging that she had sustained various work-related injuries in connection with her employment by the Administration for Children Services, an agency of the City of New York. A Workers’ Compensation Law Judge denied claimant’s request to change venue from the New York City District Office to the City of White Plains, Westchester County. On appeal, the Workers’ Compensation Board affirmed, relying on a statement of general policy from the Chair of the Board, which provides that hearings are to be scheduled in the district where the claimant resides and venue change requests involving a municipal corporation “shall not be granted except to a district office where the employer is located.” The Board also assessed a penalty against claimant’s attorney pursuant to Workers’ Compensation Law § 114-a (3) (ii) for seeking review without reasonable grounds. Claimant appeals.*
Claimant’s arguments challenging the validity of the Chair’s policy statement and its application here are not preserved for review as they were not raised before the Board (see Matter of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1303 [2010]; Matter of Huang Sheng Ku v Dana Alexander, Inc., 12 AD3d 988, 989 [2004]). Were we to consider the issue, we would note that an interpretive or explanatory statement of general policy is not a rule and is not required to be promulgated pursuant to the State Administrative Procedure Act (see State Administrative Procedure Act § 102 [2] [b] [iv]). In any event, the Chair has controlling authority to designate hearing places (see Workers’ Compensation Law § 141; 12 NYCRR 300.7 [b]), and claimant has not identified any valid basis to disturb its determination here (see e.g. Matter of Domenico v United Way, 69 AD3d 1061, 1062 [2010], lv dismissed 14 NY3d 793 [2010]). To the extent that claimant’s attorney also seeks to challenge the imposition of a penalty pursuant to Workers’ Compensation Law § 114-a (3) (ii), we decline to disturb it inasmuch as the Board’s determination that the request to change venue had no reasonable basis is supported by substantial evidence (see Matter of Banton v New York City Dept. of Corr. 112 AD3d 1195 [2013] [decided herewith]; Matter of Wolfe v New York City Dept. of Corr. 112 AD3d 1197 [2013] [decided herewith]).
Stein, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.

 Claimant appeals from the original Board decision, which was subsequently amended. We will treat the appeal as being from the amended decision inasmuch as the two decisions “are not materially different and there has been no claim of prejudice” (Matter of Coleman v Compass Group USA, Inc./ Chartwells, 105 AD3d 129, 131 n 2 [2013], lv dismissed 22 NY3d 890 [2013]).